UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

M&S ADVISORY GROUP, INC.,                    CASE NO.  C-1-02-522
    PLAINTIFF                                         (SPIEGEL, J.)
                                                              (HOGAN, M.J.)
  VS.

EYEMART EXPRESS, LTD.,
    DEFENDANT

## ORDER

The Court conducted an informal and telephonic discovery conference on January 26, 2003.  Both parties are represented by counsel.  This is essentially a breach of contract case with a complaint and counterclaim.  Defendant hired Plaintiff as a consultant to negotiate leases for its retail locations throughout the country.  The consulting agreement was reduced to writing.  Defendant then terminated Plaintiff during the contractual period for what it believed to be good cause on the basis of Plaintiff's substandard performance or nonperformance.  Plaintiff asserts that it properly performed its duties under the agreement and considers the agreement breached when it was terminated.

The issue presented at the informal conference was a discovery-related issue.  Defendant is or was pursuing a theory that Plaintiff was too busy and engaged in other things to tend to its business affairs.  Thus, the Court previously ordered Plaintiff's principal, Martin Sherman, to disclose time and health records that would affect his ability to perform his part of the bargain with Defendant.  Plaintiff is concurrently pursuing a theory that Defendant failed to follow through on its business plans with Plaintiff because it was unable to afford new retail outlets.  Thus, Plaintiff seeks tax returns and financial statements from 1999 to the present.  Defendant, the owner of 68-70 retail outlets, considers Plaintiff's discovery request to be overly broad and burdensome.

The Court finds under Rule 26 (b)(1) that the subject matter of Plaintiff's request is "reasonably calculated to lead to the discovery of admissible evidence," but is somewhat overly

broad.  The Court was told that Defendant has a consolidated annual financial statement which represents the financial condition of EyeMart Express, Ltd.  If that is the case, Plaintiff's request for financial data from each of Defendant's retail stores is burdensome and unnecessary.  The Court assumes, in similar vein, that the taxing entity is EyeMart Express, Ltd.  If that is the case, Plaintiff is entitled to copies of the federal tax returns for the consolidated entity and these returns should be readily available.  No other municipal or state returns need be provided.

     Although the parties are not business competitors, EyeMart, Ltd. is entitled to protect its financial information from competitors who may be monitoring this case in order to obtain a competitive edge.  Before Defendant is obligated to release any financial data or tax returns, there  shall be a protective order in place.


January 26, 2004                                              s/Timothy S. Hogan
                                                      Timothy S. Hogan
                                                      United States Magistrate Judge