Michael W. Hawkins (0012707)<br>
Jon B. Allison (0073955)<br>
Attorneys for Defendant EyeMart Express, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| EYEMART EXPRESS, LTD., | : | **MOTION TO COMPEL AND MOTION** |
| | : | **FOR SANCTIONS WITH** |
| Defendant. | : | **SUPPORTING AFFIDAVIT** |

### I.   INTRODUCTION

EyeMart Express, Ltd. (hereinafter "EyeMart"), which was founded in 1990, is in the retail optical eyewear business and maintains approximately sixty-five stores across the country, primarily concentrated in Texas and Oklahoma. Toward the end of 2001 and the beginning of 2002, EyeMart considered retaining a consultant to assist it in growing the company by adding store locations around the country. EyeMart interviewed, among others, Martin Sherman, the founder, sole owner and lone consultant of Plaintiff M&S Advisory Group, Inc. (hereinafter "M&S"). (Amended Counterclaim ¶ 1). On February 1, 2002, EyeMart and M&S entered into a Consulting Agreement (hereinafter "Agreement") under which Sherman was to provide consulting services to EyeMart. (Amended Counterclaim ¶ 2). Sherman did not perform under the Agreement which prompted EyeMart to terminate the Agreement on May 23, 2002 due to his lack of performance. (Amended Counterclaim ¶ 4). Counsel for M&S sent a letter threatening litigation just over one week later. (Attached hereto as Exhibit A). This litigation then ensued.

1

## II. PROCEDURAL POSTURE

M&S filed the Complaint in state court on June 13, 2002 asserting breach of contract by Defendant EyeMart Express, Ltd. EyeMart removed the case to this Court and filed its Answer to the Complaint on December 13, 2002. EyeMart filed a Counterclaim on March 6, 2003 and an Amended Counterclaim on July 14, 2003 asserting causes of action for breach of contract and promissory estoppel.

On June 9, 2003, counsel for EyeMart deposed Martin Sherman. In his deposition, Sherman testified that he kept lists on tablets of the work he was performing for clients, including EyeMart. (Sherman Depo. at 54-57, Attached hereto as Exhibit B). Sherman testified that those lists were in his office as of the day of his deposition. (Sherman Depo. at 54-57). Sherman agreed to produce those lists pursuant to written discovery requests. (Sherman Depo. at 54-57).

On July 1, 2003, EyeMart served on M&S its Second Set of Interrogatories Directed to Plaintiff M&S Advisory Group, Inc. as well as its Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc. (Attached hereto as Exhibits C and D respectively). On August 15, 2003, M&S sent to EyeMart its Responses to Defendant's Second Set of Interrogatories and its Responses to Defendant's Second Request for Production of Documents. (Attached hereto as Exhibits E and F respectively). In response to Interrogatory No. 3, which asked M&S to "identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what he was performing for Defendant during the year 2002," M&S responded that Sherman "kept daily notes of contacts made or things to do." (Exhibit E). In response to Interrogatory No. 4, which asked M&S to "identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what he was performing for clients other

than Defendant during the year 2002," M&S responded that Sherman "kept daily notes of contacts made or things to do." (Exhibit E). In response to Document Request No. 4, which asked M&S to produce "'all lists' and/or 'worksheets' referenced on pages 54-57 of Plaintiff's deposition transcript, including 'lists' for Defendant and 'lists' for other of Plaintiff's clients as Plaintiff stated he possessed on page 55 of his deposition transcript," M&S responded that it "has not located any such lists or worksheets from the time period during which M&S performed services for Defendant." (Exhibit F).

Subsequently, counsel for EyeMart contacted counsel for M&S and inquired as to whether M&S would be producing the lists Sherman claimed to have in his deposition, which were specifically requested in Request No. 4 of EyeMart's Second Request for Production of Documents. (Affidavit of Jon B. Allison, Esq., Attached hereto as Exhibit G). Counsel for M&S responded via e-mail that Sherman "only keeps those notes back for the last few months or so. There were no notes from the time period he worked for EyeMart." (Attached hereto as Exhibit H). During a discovery conference on January 26, 2004 with Judge Hogan, attended by counsel for both Defendant and Plaintiff, counsel for Defendant stated that it may pursue a judicial remedy regarding the documents. (Affidavit of Jon B. Allison, Esq., Attached hereto as Exhibit G). To date, the documents have not been produced. (Affidavit of Jon B. Allison, Esq., Attached hereto as Exhibit G).

The Agreement between EyeMart and M&S was terminated by EyeMart on May 23, 2002 due to M&S's failure to perform under the Agreement. Just over one week later, counsel for M&S sent a letter to EyeMart threatening litigation. (Attached hereto as Exhibit A). M&S, in fact, brought its lawsuit against EyeMart just three weeks after the termination of the Agreement. During the Deposition of Sherman, he testified that he possessed lists of work he

was allegedly performing for EyeMart. However, he failed to produce any notes/lists/worksheets when EyeMart followed up with a discovery request. It is, therefore, clear to conclude that M&S destroyed notes/lists/worksheets related to work allegedly performed for EyeMart and relevant to this lawsuit during the time M&S contemplated bringing a lawsuit and/or after the commencement of the lawsuit against EyeMart.

### III.   ARGUMENT

#### A.   EyeMart Requests This Court Order M&S To Produce Notes/Lists/Worksheets Sherman Claimed He Possessed In His Deposition.

The purpose of the Federal Rules regulating discovery, along with the other pretrial procedures, is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  Brown Badgett, Inc. v. Jennings, 842 F.2d 899, 902 (6th Cir. 1988), *quoting* United States v. Procter and Gamble & Co., 356 U.S. 677, 682 (1958).  The Federal Rules are designed to avoid surprise and a possible miscarriage of justice.  *See* Brown Badgett, Inc., 842 F.2d at 902.

Federal Rule of Civil Procedure 37(a)(2)(B) states:

> if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

In the instant action, M&S has not fully responded to EyeMart's discovery requests. In his deposition, Sherman testified that he kept lists of the work he was allegedly performing for EyeMart as well as others and he agreed to produce those lists pursuant to a discovery request. (Sherman Depo. at 54-57). However, in response to EyeMart's follow-up discovery requests specifically requesting those lists, M&S failed to produce the documents. (Exhibit F and H).

EyeMart is entitled to the production of the notes/lists/worksheets Sherman claimed he possessed during his deposition, if they still exist. Therefore, EyeMart requests this Court issue an Order compelling M&S to produce the documents.

**B.    EyeMart Requests This Court Order The Sanction Of A Jury Instruction That An Adverse Inference Is Created By M&S's Failure To Produce Sherman's Notes/Lists/Worksheets.**

The Court derives the authority to impose sanctions for abusive litigation practices from Federal Rule of Civil Procedure 37 and from the Court's inherent power to regulate litigation and to protect the integrity of proceedings before it. *See* <u>Shamis v. Ambassador Factors Corporation</u>, 34 F.Supp2d 879, 888 (S.D.N.Y. 1999).

Federal Rule of Civil Procedure 37(b)(2) states:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A)    An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B)    An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C)    An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

This Court possesses an inherent power to sanction litigants for abusive litigation practices whether or not an express discovery order on the subject of the dispute has been issued and disobeyed. *See* <u>Shamis</u>, 34 F.Supp2d at 887-888.

5

In addition, Ohio recognizes intentional interference with civil litigation and/or spoliation of evidence as a separate cause of action sounding in tort. *See* Hicks v. Bryan Medical Group, Inc., 287 F.Supp.2d 795, 810 (N.D. Ohio 2003); RSC The Quality Measurement Co. v. IPSOS-ASI, Inc., 196 F. Supp.2d 609, 615 (S.D. Ohio 2002); Smith v. Howard Johnson Co., Inc., 615 N.E.2d 1037, 1038 (Ohio 1994). The elements of such a claim are: (1) pending or probable litigation involving the defendant; (2) knowledge on the part of the plaintiff that litigation exists or is probable; (3) willful destruction of evidence by the plaintiff; (4) disruption of the defendant's case; and (5) damages proximately caused by the plaintiff's acts. *See* Smith, 615 N.E.2d at 1038.

The rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law. *See* Welsh v. United States, 844 F.2d 1239, 1245 (6th Cir. 1988). "That an adverse presumption may arise from the fact of missing evidence is a generally accepted principle of law." Welsh, 844 F.2d at 1246. The policy rationales for this type of adverse inference are both evidentiary and deterrent. "The evidentiary rationale springs from the common sense notion that a party with notice of an item's possible relevance to litigation who proceeds nonetheless to destroy it is more likely to have been threatened by the evidence than a party in the same position who does not destroy it." Welsh, 844 F.2d at 1246. "The second rationale acts to deter parties from pretrial spoliation of evidence and 'serves as a penalty, placing the risk of an erroneous judgment on the party that wrongfully created the risk.'" Id. "[W]here one party wrongfully denies another the evidence necessary to establish a fact in dispute, the court should draw the strongest allowable inferences in favor of the aggrieved party." Id. at 1247.

Courts have consistently held that, to the extent there were relevant documents that were destroyed and cannot or are not produced in discovery, juries are to infer from the unavailability of these documents that they would have been unfavorable to the party who destroyed them. *See, e.g.* Travelers Insurance Co. v. Dayton Power and Light Co., 663 N.E.2d 1383 (Ohio Cm. Pl. 1996); Shamis v. Ambassador Factors Corporation, 34 F.Supp2d 879, 888 (S.D.N.Y. 1999); Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148 (1st Cir. 1996); Donato v. Fitzgibbons, 172 F.R.D. 75; Shaffer v. RWP Group, 169 F.R.D. 19 (E.D.N.Y. 1996).

In the instant action, it is evident that M&S has destroyed relevant documents. Therefore, pursuant to Rule 37 and the inherent powers of this Court, appropriate sanctions and remedies should be granted. Sherman did not produce documents he claimed he possessed in his deposition. (Sherman Depo. at 54-57; Exhibit F). When counsel for EyeMart subsequently contacted counsel for M&S and inquired as to whether M&S would be producing the documents, he was informed via e-mail that the documents no longer exist. (Exhibit H).

The Agreement between EyeMart and M&S was terminated by EyeMart on May 23, 2002 due to M&S's failure to perform under the Agreement. Just over one week later, counsel for M&S sent a letter to EyeMart threatening litigation and M&S brought its lawsuit against EyeMart just three weeks after the termination of the Agreement. M&S knew Sherman's notes/lists/worksheets were relevant because EyeMart terminated the Agreement due to M&S's lack of performance. M&S, therefore, should have retained the documents. Sherman testified that these documents existed after this action commenced and as of the date of his deposition. Still, M&S failed to produce the documents and now claims they no longer exist. Thus, it is evident that M&S destroyed documents relevant to its lawsuit during the time it contemplated bringing a lawsuit and/or after the commencement of the lawsuit against EyeMart.

Accordingly, EyeMart is entitled to a jury instruction explaining that the destroyed documents are presumed to be damaging to M&S.

    **C.**    **EyeMart Requests This Court Order M&S Pay EyeMart's Expenses, Including Costs And Attorneys' Fees, Incurred In Seeking Production of Documents And In Seeking A Jury Instruction Relative To M&S's Spoliation Of Evidence.**

EyeMart is entitled to an Order awarding attorneys' fees. Federal Rule of Civil Procedure 37(a)(4)(A) states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Federal Rule of Civil Procedure 37(b)(2)(E) states:

> . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Counsel for EyeMart made every effort to obtain responses to its discovery requests without resorting to judicial enforcement. (Affidavit of Jon B. Allison, Esq., Attached hereto as Exhibit F). Yet, counsel for M&S has informed counsel for EyeMart that the requested documents will not be produced. Thus, EyeMart has been forced to incur attorneys' fees in seeking an Order to compel discovery and for appropriate sanctions. (Affidavit of Jon B. Allison, Esq., Attached hereto as Exhibit F). EyeMart is entitled to recover its reasonable attorneys' fees pursuant to

Federal Rule of Civil Procedure 37.  See <u>Willhauck v. Halpin</u>, 36 F.R.S.2d 901 (D. Mass. 1983); <u>Smith v. American Shipbuilding Co.</u>, 22 F.R.S.2d 831 (N.D. Ohio 1976); <u>Pacific Sun Publishing Company, Inc. v. Chronicle Publishing Company</u>, 31 F.R.S.2d 1272 (N.D. Cal. 1981).

### IV.   **CONCLUSION**

Defendant EyeMart Express, Ltd. respectfully requests that this Court order Plaintiff M&S Advisory Group, Inc. to provide complete responses to its Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc. and/or order a jury instruction that an adverse inference is created by M&S Advisory Group, Inc.'s failure to produce in discovery notes/lists/worksheets that Martin Sherman claimed he possessed in his deposition (the inference being that those notes/lists/worksheets would be damaging to M&S Advisory Group, Inc.).  Defendant further seeks an Order that Plaintiff pay Defendant EyeMart Express, Ltd. its reasonable expenses, including costs and attorneys' fees, incurred in obtaining said Order.

Respectfully submitted,

/s/ Jon B. Allison
Michael W. Hawkins (0012707)
Jon B. Allison (0073955)
Dinsmore & Shohl LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio  45202
(513) 977-8200

Attorneys for Defendant
EyeMart Express, Ltd.

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 25, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert A. Pitcairn, Jr., Esq.
Wijdan Jreisat, Esq.
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202-4787

                                              /s/ Jon B. Allison
                                              Jon B. Allison (0073955)

#980242