Michael W. Hawkins (0012707)<br>
Jon B. Allison (0073955)<br>
Attorneys for Defendant EyeMart Express, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | **AFFIDAVIT OF JON B. ALLISON** |
| EYEMART EXPRESS, LTD., | : | |
| Defendant. | : | |

I, JON B. ALLISON, being first duly cautioned and sworn, hereby state the following:

1. I am an attorney in the law firm of Dinsmore & Shohl LLP and have been licensed to practice law in the State of Ohio since November, 2001. I am an attorney representing EyeMart Express, Ltd. (hereinafter "EyeMart") in the above-entitled action.

2. On June 9, 2003, counsel for EyeMart deposed Martin Sherman, the owner and lone consultant of M&S Advisory Group, Inc. (hereinafter "M&S"). In his deposition, Sherman testified that he kept lists on tablets of the work he was performing for clients, including EyeMart. Sherman testified that those tablets were in his office as of the day of his deposition. Sherman promised he would produce those lists pursuant to written discovery requests.

3. On July 1, 2003, EyeMart served on M&S its Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc. On August 15, 2003, M&S sent to EyeMart its Responses to Defendant's Second Request for Production of Documents. In response to Document Request No. 4, which asked M&S to produce "'all lists' and/or 'worksheets' referenced on pages 54-57 of Plaintiff's deposition transcript, including 'lists' for Defendant and 'lists' for other of Plaintiff's clients as Plaintiff stated he possessed on page 55 of his deposition transcript," M&S responded that it "has not located any such lists or worksheets from the time period during which M&S performed services for Defendant."

4. Subsequently, counsel for EyeMart contacted counsel for M&S and inquired as to whether M&S would be producing the lists Sherman claimed to have in his deposition, which were specifically requested in Request No. 4 of EyeMart's Second Request for Production of Documents. Counsel for M&S responded via e-mail that Sherman "only keeps those notes back for the last few months or so. There were no notes from the time period he worked for EyeMart."

5. EyeMart Express, Ltd. has exhausted available means to obtain complete responses to its discovery requests without resorting to judicial enforcement.

6.    During a discovery conference on January 26, 2004 with Judge Hogan, attended by counsel for both Defendant and Plaintiff, counsel for Defendant stated that it may pursue a judicial remedy regarding the documents. To date, the documents have not been produced.

Further affiant saith naught.

_____
Jon B. Allison

Subscribed to and sworn before me this 25th day of February, 2004.

_____
Notary Public

LOUISE SADOWSKY BROCK, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date.
Section 147.03

988071v1

2