Michael W. Hawkins (0012707)
Jon B. Allison (0073955)
Attorneys for Defendant EyeMart Express, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| | : | |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | **DEFENDANT EYEMART EXPRESS** |
| EYEMART EXPRESS, LTD., | : | **LTD.'S SECOND REQUEST FOR** |
| | : | **PRODUCTION OF DOCUMENTS** |
| Defendant. | : | **DIRECTED TO PLAINTIFF M&S** |
| | | **ADVISORY GROUP, INC.** |

Defendant EyeMart Express, Ltd. ("EyeMart") hereby submits this Second Request for Production of Documents to Plaintiff M&S Advisory Group, Inc. in accordance with Rule 34 of the Federal Rules of Civil Procedure. Documents shall be produced for inspection and copying within thirty (30) days from the service of this request at the offices of Dinsmore & Shohl LLP, 1900 Chemed Center, 255 E. Fifth Street, Cincinnati, Ohio 45202.

This Second Request for Production of Documents shall be deemed to be continuing so as to require supplemental production within a reasonable time prior to trial if additional documents become known to, or come into the possession of, Plaintiff.

### I. DEFINITIONS AND INSTRUCTIONS

As used herein:

A.   "Plaintiff" means M&S Advisory Group, Inc. or any attorneys, agents, representatives, investigators or other persons acting or purporting to act on behalf of Plaintiff or its attorneys, either individually or collectively.

B.   "Person" or "Persons" means any individual, partnership, corporation, company, association, government agency (whether federal, state, or local) or any other entity.

918522_1.DOC

C.  "Defendant" means EyeMart Express, Ltd. and any of its agents, employees and/or representatives, both past and present, and any affiliated or related entity and any of its or their agents, employees and/or representatives, both past and present.

D.  "Document" or "documents" is used in its broadest sense and refers to the original, or any copy thereof if the original is not available, of any printed, written, typed, photocopied, photographic, or recorded matter, however produced or reproduced, of every kind and description, currently or formerly in the possession, custody, care, or control of Plaintiff or its past or present attorneys, or of which any of these persons has knowledge, including without limitation, correspondence, e-mail, memoranda, minutes, notes, audio and video tapes, diaries, reports, appointment books, summaries, agreements, invoices, charge slips, receipts, books of account, vouchers, bank checks, working papers, summaries of other reports or notes of conferences, meetings, visits, discussions, or telephone conversations, and all papers similar to the foregoing, however denominated and wherever located. The term "document" also includes copies containing information in addition to that contained in the original.

E.  Documents produced in response to this request should reflect in some manner the numbered request to which they are responsive.

F.  Documents called for by this request, but withheld due to a claim of privilege or other objection must be identified in the following respects:

 (1) the numbered request to which the document is responsive;

 (2) its title and general subject matter;

 (3) its date;

 (4) its author;

(5) the person or persons for whom it was prepared and/or the person or persons to whom it was sent; and

(6) the nature of the privilege or objection claimed.

G. As used herein, each singular word shall include its plural and vice versa, and the words "and" and "or" shall be construed both disjunctively and conjunctively as necessary to bring within the scope of each request any information which might otherwise be construed to be outside its scope.

H. The use of the masculine gender includes the feminine gender.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents pertaining in any manner to LensCrafters (and/or parents or subsidiaries of LensCrafters), including documents that reference sales volumes of LensCrafters (and/or parents or subsidiaries of LensCrafters) locations, and including documents Plaintiff used to provide information about LensCrafters (and/or parents or subsidiaries of LensCrafters) to Defendant in the year 2002.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:** All documents Plaintiff created for the purpose of keeping track of work he performed for Defendant, including notes, diaries and journals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents Plaintiff created for the purpose of keeping track of work he performed for clients other than Defendant, including notes, diaries and journals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All "lists" and/or "worksheets" referenced on pages 54-57 of Plaintiff's deposition transcript, including "lists" for Defendant and "lists" for other of Plaintiff's clients as Plaintiff stated he possessed on page 55 of his deposition transcript.

**RESPONSE:**

Respectfully submitted,

_____
Michael W. Hawkins (0012707)
Jon B. Allison (0073955)
Dinsmore & Shohl LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 977-8200

Attorneys for Defendant
EyeMart Express, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via hand delivery this ___1___ day of July, 2003.

Robert A. Pitcairn, Jr., Esq.
Wijdan Jreisat, Esq.
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202-4787

_____

918522v1

918522_1.DOC                                5