Jon B. Allison (0073955)
Attorneys for Defendant EyeMart Express, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| | : | |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | **DEFENDANT EYEMART EXPRESS LTD.'S** |
| EYEMART EXPRESS, LTD., | : | **SECOND SET OF INTERROGATORIES** |
| | : | **DIRECTED TO PLAINTIFF M&S** |
| Defendant. | : | **ADVISORY GROUP, INC.** |

Please take notice you are required to answer each of the following interrogatories under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure within thirty (30) days after the date of service. The answers must include all information concerning the matters inquired about available to Plaintiff M&S Advisory Group, Inc., its attorneys, or any other agents or representatives for Plaintiff or its attorneys. These interrogatories shall be deemed to be continuing so as to require supplemental answers within a reasonable time prior to trial if additional information is obtained by any person specified above.

Information and documents called for by these interrogatories, but withheld because of a claim of privilege or other objection, must be identified in the following respects:

(1)    the paragraph to which the document or information is responsive;

(2)    its title and general subject matter;

(3)    its date;

(4)    its author;

(5)    the person or persons for whom it was prepared and/or the person or persons to whom it was sent; and

(6)    the nature of the privilege or objection claimed.

918523_1.DOC

# I. DEFINITIONS OF TERMS

As used in these interrogatories, the following terms have the meanings indicated:

A.    "Plaintiff" means M&S Advisory Group, Inc. or any attorneys, agents, representatives, investigators, or other persons acting or purporting to act on behalf of it or its attorneys, either individually or collectively.

B.    "Person" or "Persons" means any individual, partnership, corporation, company, association, government agency (whether federal, state, or local) or any other entity.

C.    "Defendant" means the Defendant EyeMart Express, Ltd. and any of its agents, employees and/or representatives, both past and present, and any affiliated or related entity and any of its or their agents, employees and/or representatives, both past and present.

D.    "Document" or "documents" is used in its broadest sense and refers to the original, or any copy thereof if the original is not available, of any printed, written, typed, photocopied, photographic, or recorded matter, however produced or reproduced, of every kind and description, currently or formerly in the possession, custody, care, or control of Plaintiff or its past or present attorneys, or of which any of these persons has knowledge, including, but not limited to, charges, claims, correspondence, e-mail, résumés, memoranda, minutes, notes, audio and video tapes, diaries, reports, appointment books, summaries, agreements, invoices, charge slips, receipts, books of account, vouchers, bank checks, working papers, summaries or other reports or notes of conferences, meetings, visits, discussions, or telephone conversations, and all papers similar to the foregoing, however denominated and wherever located.    The term "document" also includes copies containing information in addition to that contained in the original.

E.    "Identify" or "identification," when used in reference to a person or a company, means to state the full name and present or last known address of the person or the company.

F.      "Identify" or "identification," when used in reference to a document, means to state the date and type of document (e.g., letter, memorandum, meeting notes, etc.), its author, and, if different, the signer or signers, their addresses, its present or last known location and/or custodian, and all other means of identifying it with sufficient particularity to satisfy the requirements for its identification in a request or motion for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure. If any document was, but is no longer, in Plaintiff's possession or subject to Plaintiff's control, state the disposition which was made of it, the reasons for its disposition, and the date thereof. In the alternative, production of documents responsive to the Interrogatories shall constitute identification of such documents.

G.      "Identify," "identification," "describe," or "description," when used in reference to an act, event, statement, or representation means to state the following information: date, place, name and address of each person present, detailed account referring or relating thereto.

H.      "You" or "your" refers to Plaintiff.

I.      "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Interrogatories all responses that might otherwise be construed to be outside its scope.

J.      The singular number and masculine gender as used herein shall embrace, and be read and applied as, the plural or the feminine or the neuter, as the circumstances may make appropriate.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify all information and documents in your custody or control pertaining in any manner to LensCrafters (and/or parents or subsidiaries of LensCrafters), including documents that reference sales volumes of LensCrafters (and/or parents or subsidiaries of LensCrafters) locations, and including information or documents Plaintiff used to provide information about LensCrafters (and/or parents or subsidiaries of LensCrafters) to Defendant in the year 2002.

**RESPONSE:**

**INTERROGATORY NO. 2:**     Identify the source(s) of any and all information or documents pertaining to LensCrafters (and/or parents or subsidiaries of LensCrafters) that was provided by Plaintiff to Defendant during the year 2002.

**RESPONSE:**

**INTERROGATORY NO. 3:**     Identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what work he was performing for Defendant during the year 2002.

**RESPONSE:**

**INTERROGATORY NO. 4:**    Identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what work he was performing for clients other than Defendant during the year 2002.

**RESPONSE:**

Respectfully submitted,

Michael W. Hawkins (0012707)
Jon B. Allison (0073955)
Dinsmore & Shohl LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 977-8200

Attorneys for Defendant
EyeMart Express, Ltd.


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via hand delivery this _____ day of July, 2003 to:

Robert A. Pitcairn, Jr., Esq.
Wijdan Jreisat, Esq.
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202-4787

918525v1