UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **M&S ADVISORY GROUP, INC.** | : | Case No. C-1-02-522 |
| Plaintiff, | : | **PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES** |
| v. | : | |
| **EYEMART EXPRESS, LTD.,** | : | |
| | | **Judge Spiegel** |
| Defendant. | : | **Magistrate Judge Hogan** |

Plaintiff M&S Advisory Group, Inc. ("M&S") hereby states the following as its answers to Defendant EyeMart Express, Ltd.'s Second Set of Interrogatories Directed to Plaintiff M&S Advisory Group, Inc. These answers are made without waiving but expressly reserving:

1. All objections to competency, relevancy, materiality and admissibility as evidence for any purposes in any subsequent proceeding in, or the trial of this, or any other action;

2. The right to object to the use of these responses, the subject matter thereof, and any documents produced in accordance therewith or the subject matter thereof in any subsequent proceeding in, or the trial of, this or any other action;

3. The right to object on any appropriate ground at any time to a demand for further responses to these or any other discovery procedures involving or relating to the subject matter of any or all of these responses and any or all documents produced in accordance therewith;

4.  The right at any time to revise, correct, or add to, supplement or clarify any of the responses contained herein;

5.  All objections as to privilege and work product.

M&S further objects to the definitions and instructions contained in Defendant EyeMart Express, Ltd.'s Second Set of Interrogatories Directed to Plaintiff M&S Advisory Group, Inc. to the extent that such definitions and instructions purport to or may be construed to impose duties upon M&S greater than the duties imposed by the Federal Rules of Civil Procedure.

## ANSWERS

1.  Identify all information and documents in your custody or control pertaining in any manner to LensCrafters (and/or parents or subsidiaries of LensCrafters), including documents that referenced sales volumes of LensCrafters (and/or parents or subsidiaries of LensCrafters) locations, including information or documents Plaintiff used to provide information about LensCrafters (and/or parents or subsidiaries of LensCrafters) to Defendant the year 2002.

**ANSWER:** M&S objects to this request as vague, overbroad, unduly burdensome, harassing, not likely to lead to relevant or admissible evidence and requesting confidential proprietary information.  Subject to and without waiving the objection, M&S states that it provided information to Defendant regarding sales volumes of Lenscrafters locations based on information provided by landlords and/or information otherwise available in the industry.

2

2. Identify the source(s) of any and all information or documents pertaining to LensCrafters (and/or parents or subsidiaries of LensCrafters) that was provided by Plaintiff to Defendant during the year 2002.

**ANSWER:** The information was provided by landlords and/or information otherwise available in the industry.

3. Identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what he was performing for Defendant during the year 2002.

**ANSWER:** M&S objects to this request as vague, overbroad, unduly burdensome, harassing, not likely to lead to relevant or admissible evidence and requesting confidential proprietary information. Subject to and without waiving the objection, M&S states that it kept daily notes of contacts made or things to do in addition to on-going discussions with EyeMart personnel to advise of status and progress.

4. Identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what work he was performing for clients other than Defendant during the year 2002.

**ANSWER:** M&S objects to this request as vague, overbroad, unduly burdensome, harassing, not likely to lead to relevant or admissible evidence and requesting confidential proprietary information. Subject to and without waiving the objection, M&S states that it kept daily notes of contacts made or things to do in addition to on-going discussions with those clients personnel to advise of status and progress.

*/s/ Robert A. Pitcairn, Jr.*
Robert A. Pitcairn, Jr. (0010293)
Trial Attorney for Plaintiff
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787
(513) 977-3477 – telephone
(513) 721-7120 – facsimile
rpitcairn@katzteller.com – e-mail

OF COUNSEL:

Wijdan Jreisat
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787
(513) 721-4532

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff M&S Advisory Group, Inc.'s Amended Answers to Defendant EyeMart Express, Ltd.'s Second Set of Interrogatories Directed to Plaintiff M&S Advisory Group, Inc. was served upon Michael W. Hawkins and Jon B. Allison, Trial Attorneys for Defendant, Dinsmore & Shohl, 255 E. Fifth Street, Suite 1900, Cincinnati, Ohio 45202 by hand delivery this 15th day of August, 2003.

*/s/ Robert A. Pitcairn, Jr.*
Robert A. Pitcairn, Jr.

4

## VERIFICATION

Martin Sherman states that he is the President of M&S Advisory Group, Inc., that he has been chosen to respond to the above interrogatories and requests for production on behalf of M&S Advisory Group, Inc., and that the above responses are true based upon his knowledge, information and belief.

_____
Martin Sherman, President

**STATE OF OHIO** )
) ss:
**COUNTY OF HAMILTON** )

Sworn to before me by Martin Sherman as President of M&S Advisory Group, Inc. this _____ day of August, 2003.

_____
Notary Public

DEBORAH A. TCHORZ
Notary Public, State of Ohio
My Comm. Expires April 19, 2006

KTBH: 563737.1