UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **M&S ADVISORY GROUP, INC.** | : | Case No. C-1-02-522 |
| Plaintiff, | : | **PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | : | |
| **EYEMART EXPRESS, LTD.**, | : | **Judge Spiegel** |
| Defendant. | : | **Magistrate Judge Hogan** |

Plaintiff M&S Advisory Group, Inc. ("M&S") hereby states the following as its responses to Defendant EyeMart Express, Ltd.'s Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc. These responses are made without waiving but expressly reserving:

1.  All objections to competency, relevancy, materiality and admissibility as evidence for any purposes in any subsequent proceeding in, or the trial of this, or any other action;

2.  The right to object to the use of these responses, the subject matter thereof, and any documents produced in accordance therewith or the subject matter thereof in any subsequent proceeding in, or the trial of, this or any other action;

3.  The right to object on any appropriate ground at any time to a demand for further responses to these or any other discovery procedures involving or relating to the subject matter of any or all of these responses and any or all documents produced in accordance therewith;

4.  The right at any time to revise, correct, or add to, supplement or clarify any of the responses contained herein;

5.  All objections as to privilege and work product.

M&S further objects to the definitions and instructions contained in Defendant EyeMart Express, Ltd.'s Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc. to the extent that such definitions and instructions purport to or may be construed to impose duties upon M&S greater than the duties imposed by the Federal Rules of Civil Procedure.

## RESPONSES

1.  Any and all documents pertaining in any manner to LensCrafters (and/or subsidiaries of LensCrafters), including documents that reference sales volumes of LensCrafters (and/or parents or subsidiaries of LensCrafters) locations, and including documents Plaintiff used to provide information about LensCrafters (and/or parents or subsidiaries of LensCrafters) to Defendant in the year 2002.

    **RESPONSE:** M&S objects to this request as vague, overbroad, unduly burdensome, harassing, not likely to lead to relevant or admissible evidence and requesting confidential proprietary information.  Subject to and without waiving the objection, there are no responsive documents which were provided to Defendant in 2002.

2.  All documents Plaintiff created for the purpose of keeping track of work he performed for Defendant, including notes, diaries and journals.

**RESPONSE:** M&S objects to this request as vague, overbroad, unduly burdensome and harassing. Subject to and without waiving the objection, M&S states that such responsive documents have been produced.

3. All documents Plaintiff created for the purpose of keeping track of work he performed for clients other than Defendant, including notes, diaries and journals.

**RESPONSE:** M&S objects to this request as vague, overbroad, unduly burdensome, harassing, not likely to lead to relevant or admissible evidence and requesting confidential information. Subject to and without waiving the objection, M&S states that it has produced documents ordered by the Court as to that issue.

4. All "lists" and/or "worksheets" referenced on pages 54-57 of Plaintiff's deposition transcript, including "lists" for Defendant and "lists" for other of Plaintiff's clients as Plaintiff stated he possessed on page 55 of his deposition transcript.

**RESPONSE:** M&S objects to this request as vague, overbroad, unduly burdensome, harassing, not likely to lead to relevant or admissible evidence and requesting confidential information as to other clients which is beyond the information allowed by the Court in its discovery order. Subject to and without waiving the objection, M&S states that it has not located any such lists or worksheets from the time period during which M&S performed services for Defendant.

_____
Robert A. Pitcairn, Jr. (0010293)
Trial Attorney for Plaintiff
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787

(513) 977-3477 – telephone
(513) 721-7120 – facsimile
rpitcairn@katzteller.com – e-mail

OF COUNSEL:

Wijdan Jreisat
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787
(513) 721-4532

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff M&S Advisory Group, Inc.'s Responses to Defendant EyeMart Express, Ltd.'s Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc. was served upon Michael W. Hawkins and Jon B. Allison, Trial Attorneys for Defendant, Dinsmore & Shohl, 255 E. Fifth Street, Suite 1900, Cincinnati, Ohio 45202 via hand delivery this 15th day of August, 2003.

Robert A. Pitcairn, Jr.

KTBH: 563738.1