

**KATZ TELLER BRANT & HILD**

A Legal Professional Association

255 EAST FIFTH STREET, SUITE 2400
CINCINNATI, OHIO 45202-4787
PHONE: 513.721.4532
FAX: 513.721.7120
WWW.KATZTELLER.COM

REUVEN J. KATZ
JEROME S. TELLER
GUY M. HILD
ROBERT A. PITCAIRN, JR.
ROBERT E. BRANT
RONALD J. GOREY
STEPHEN C. KISLING
JAMES F. McCARTHY, III
ANDREW B. BERGER**
MARK J. JAHNKE
WILLIAM F. RUSSO
WILLIAM T. HAYDEN
JOHN R. GIERL
BRUCE A. HUNTER**
BRADLEY G. HAAS
DANIEL P. UTT
CYNTHIA L. GIBSON**
SUZANNE PRIEUR LAND
TEDD H. FRIEDMAN
SHEILA K. CHRISTIE***
WIJDAN JREISAT
LAURA A. HINEGARDNER**
JOEL S. BRANT
SHERI E. AUTTONBERRY

OF COUNSEL
JOSEPH A. BRANT

rbrant@katzteller.com

June 3, 2002

**VIA FACSIMILE (972-488-8563)**
**AND CERTIFIED MAIL**

H. Doug Barnes, M.D.
Dr. Barnes' Eyemart Express
2110 Hutton Drive
Suite 200
Darrollton, TX 76006

Dear Dr. Barnes:

Marty Sherman turned over to me the two letters he received this week, one from Jonathan Herskovitz of May 28, 2002 and your letter of May 23, 2002. First of all, canceling the check that was previously issued for reimbursement of expenses under your Consulting Agreement of February 1, 2002 (the "Agreement") violated the Agreement. There is no basis under the Agreement for not paying these expenses. In addition, it is clear that you must have thought these expenses were originally proper reimbursements when you issued the check and only decided to cancel the check after you decided to cancel the Agreement.

Secondly, and more importantly, you stated that you were canceling the Agreement because you felt that there was a failure to perform the required obligations under the Agreement. There are two problems with this argument. First of all, as shown by the memo I am enclosing from Marty Sherman, M&S Advisory Group, Inc. through Marty Sherman has put forth an enormous effort on behalf of Eyemart Express, Ltd. which has resulted in a large number of opportunities for Eyemart Express, Ltd. to enter into desirable lease locations. Secondly, even if you had a reasonable complaint, there is a procedure under the Agreement to raise issues of performance which results in a right to cure under the Agreement. Additionally, even if there is a termination after proper notice and right to cure, payments are required for any leases entered into for the twelve months following termination.

*ALSO ADMITTED IN FLORIDA
**ALSO ADMITTED IN KENTUCKY
***ALSO ADMITTED IN MAINE

M&S 00001

H. Doug Barnes, M.D.
May 31, 2002
Page 2

    Given the above, Marty needs an immediate response from you as to how you want to proceed. If you want to correct any current misunderstandings under the Agreement, as Marty states in his memo, he is still willing to move forward. On the other hand, if you continue to take the position that Eyemart has rightfully terminated the Agreement (in spite of express language in the Agreement to the contrary) Marty will notify all the people he has been dealing with on your behalf that he no longer represents Eyemart Express, Ltd. In addition, given the fact that you do not have a legal right to terminate the Agreement, he will pursue his remedies against Eyemart Express, Ltd. unless you meet your financial obligations under the Agreement.

                                       Very truly yours,

                                       Bob

                                       Robert E. Brant

REB/cm
Enclosures
cc:    Marty Sherman (via FACSIMILE 563-3652)
KTBH: 523769.1

M&S 00002