WILLIAM PUFFER, Plaintiff-Appellant, v. NATIONAL BUSINESSCONSULTANTS, INC., Defendant-Appellee
No. C-77295
* PURSUANT TO RULE 2(G) OF THE OHIO SUPREME COURT RULES FOR THE REPORTING OFOPINIONS, UNPUBLISHED OPINIONS MAY BE CITED SUBJECT TO CERTAIN RESTRAINTS,LIMITATIONS, AND EXCEPTIONS.

Court of Appeals of Ohio, First Appellate District, HamiltonCounty

1978 Ohio App. LEXIS 8270

September 5, 1978

DISPOSITION: [*1]

Finding no Error, We Affirm

CASE SUMMARY:

PROCEDURAL POSTURE: Appellant franchisee sought review of a judgment from the Court of Common Pleas of Hamilton County (Ohio) that dismissed the franchisee's complaint against appellee franchisor in an action alleging that the franchisor breached a franchise agreement.

OVERVIEW: The franchisee alleged that the franchisor breached the franchise agreement by failing to provide advertising and promotional materials as required by the agreement. The court on appeal affirmed the judgment in favor of the franchisor. The franchise agreement contained a provision stating that any default of the agreement could be cured by the defaulting party within 90 days of notice. The aggrieved party could not terminate the agreement before expiration of the 90-day period. The court held that the franchisee was not entitled to rescission of the agreement because the franchisee did not comply with the conditions precedent for termination. A letter sent to the franchisor regarding delivery of the advertising and promotional materials was not sufficient to trigger the 90-day cure period because the franchisee did not give proper notice of an intent to terminate. When the franchisee did give notice of an intent to terminate the agreement he did not allow the franchisor 90 days to cure the default before suing the franchisor. The court also held that the franchise agreement was not unfairly procured through overreaching or exploitation and was therefore not unconscionable.

OUTCOME: The judgment in favor of the franchisor was affirmed.

CORE TERMS: default, assignment of error, rescission, cured, rescind, cure, franchise agreement, franchise fee, unconscionable, cancel, conditions precedent, promotional, advertising, terminate, equitable, waived, termination, restitution, sending, ninety, asking, notice, urges

LexisNexis (TM) HEADNOTES - Core Concepts:

Contracts Law: Contract Conditions & Provisions: Conditions Precedent
Contracts Law: Remedies: Rescission & Redhibition
[HN1] Normally when there is a material breach of a contract, the innocent party may either rescind immediately or sue for damages. However, the parties to a contract may alter this by requiring performance of certain actions as a condition precedent to rescission. If a party consents to such conditions precedent, he cannot rescind the contract without complying with them.

Contracts Law: Remedies: Rescission & Redhibition
[HN2] If in the contract a particular mode is provided, by which a party may rescind it, it can only be done in the mode provided. Any attempt to rescind the contract by means other than those specified will be ineffective unless those requirements are waived by the parties.

Contracts Law: Defenses: Unconscionability
Contracts Law: Remedies: Rescission & Redhibition
[HN3] The equitable grant of rescission is a matter resting within the sound discretion of the court. The term "unconscionability" is one that is not susceptible of precise definition. The United States Supreme Court, however, has adopted the following definition of an unconscionable contract: one such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other. In general, competent adults are bound by that to

which they agree provided it is not otherwise illegal. The courts will not relieve a party from the operation of a merely bad or unwise bargain.

COUNSEL: Messrs. Drew and Ward, Kenneth Heuck, Jr., of Counsel, for Plaintiff-Appellant

Messrs. Strauss, Troy and Ruehlmann, Douglas G. Cole of Counsel, for Defendant-Appellee

JUDGES: KEEFE, P.J., BETTMAN and BLACK, J.J.

OPINION: DECISION

PER CURIAM.

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, the briefs and the arguments of counsel.

On July 28, 1970, William Puffer and National Business Consultants, Inc. (NBC) entered into a "Medi-Fax Franchise Agreement." Puffer paid $5,500.00 for the exclusive right to promote and sell this computerized billing service to doctors in the southeastern region of Pennsylvania. Under the terms of the agreement, NBC agreed, inter alia, to instruct Puffer in the working of the program and to provide him with all necessary advertising and promotional materials (paragraphs 7a and c). In return, Puffer agreed to exercise his best efforts to actively promote the sale of the Medi-Fax Plan in the franchised territory (paragraph 8a).

Termination of the agreement[*2] in the event of a default was governed by paragraph 21, which read in full as follows:

Except as otherwise provided in this agreement, in the event of a claimed default by either party, the party claiming such default may cancel this agreement by sending written notice of the claimed default to the defaulting party, indicating the intention to so cancel and terminate this agreement, if the claimed default is not cured within ninety (90) days from the date of the notice. In the event the claimed default is not cured within such ninety (90) days period, the aggrieved party may terminate this agreement by immediately sending notice of such termination in writing to the other party.

The only exceptions "otherwise provided in [the] agreement" to the procedures in paragraph 21 were contained in paragraphs 16(d) and 20. These were not relevant to the disputes at hand.

On August 30, 1970, Puffer wrote to Irving M. Bloom, president of Medi-Fax, telling him of his progress to date, asking to have some incorrectly printed business cards and letterheads re-done and asking for the target date on the new advertising brochures being developed by Medi-Fax's advertising agency. Subsequently[*3] on December 8, 1970, Puffer again wrote to Bloom, this time complaining that Medi-Fax had failed to provide him with current promotional literature as promised and requesting that the franchise agreement be cancelled and his $5,500.00 refunded. The requested promotional material was made available to Puffer by January of 1971, at which point Puffer had already taken other employment.

Puffer instituted this suit in October of 1972, seeking return of his $5,500.00 plus $3,419.72 in unearned income and out-of-pocket expenses, and costs. The matter was sent to arbitration in which judgment was rendered for Puffer for $5,500.00. NBC appealed and the case was then tried to the court sitting without a jury. The court dismissed Puffer's complaint and ordered him to pay NBC's costs.

Puffer now appeals, assigning four errors: (1) the court's ruling that Puffer was not entitled to rescission of the agreement and restitution of the franchise fee as a result of NBC's material breaches, (2) the court's application of paragraph 21 of the franchise agreement to deny Puffer's recovery of the franchise fee, (3) the court's ruling that Puffer's letters of August 30, 1970 and December 8, 1970[*4] did not comply with paragraph 21, and (4) the court's ruling that NBC timely cured its defaults pursuant to paragraph 21 and its enforcement of that "unconscionable" paragraph. We find these assignments lacking in merit and affirm the judgment below.

In his first assignment of error, Puffer argues that the trial court should have found him entitled to rescission and restitution. [HN1] Normally when there is a material breach of a contract, the innocent party may either rescind immediately or sue for damages. *Dickson v. Wolin (9th Dist. 1934), 18 Ohio L. Abs 107.* However, the parties to a contract may alter this by requiring performance of certain actions as a condition precedent to rescission. In this case the parties made notice of default and allowance of a 90 day "cure" period, conditions precedent to rescission. Paragraph 21 of the agreement. Having consented to those conditions, Puffer could not rescind the contract without complying with them. *Ladd v. New York Central Rd. Co. (1960), 170 Ohio St. 491, 166 N.E. 2d 231,* cert. den., *364 U.S. 821; Bell Bros. v. Robinson (6th Dist. 1916), 5 Ohio App. 454.*

It is well settled that "[ [HN2] i]f in the contract a particular[*5] mode is provided, by which a party may rescind it, . . . it can only be done in the mode provided." *McKay v. Carrington (U.S. Cir. Ct., Ohio, 1829), 1 Ohio Fed. Dec. 287 at 291.* Any attempt to rescind the contract by means other than those specified will be ineffective unless those requirements are waived by the parties. *Central Ohio Co-Operative Milk Producers, Inc. v. Rowland (4th Dist. 1972), 29 Ohio App. 2d 236, 281 N.E. 2d 42.* Puffer's August letter was insufficient to trigger the 90 day "cure" period because he did not state his intent to cancel. While the December letter gave the proper notice of his intent to cancel, Puffer failed to allow NBC the requisite 90 days for cure before he himself breached the agreement by taking other employment. The first assignment of error is not well taken.

In his second assignment Puffer claims that the trial court erred in applying paragraph 21 of the agreement to deny him recovery of his $5,500.00 franchise fee. As previously discussed, the parties created conditions precedent to recission, and Puffer failed to comply therewith. He is not entitled to return of the franchise fee.

Puffer also urges that NBC's failure to timely[*6] plead Puffer's failure to perform conditions precedent should have barred NBC from raising these issues at trial. The record indicates that Puffer did not present this contention by motion or otherwise at the trial level. In accordance with Civ. R. 12(H), we find that he waived this objection. The second assignment of error is without merit.

The third assignment of error attacks the trial court's finding that Puffer's letters of August 30 and December 8, 1970, did not comply with paragraph 21. We have dealt with this issue in the first assignment of error. We reiterate only that the August letter failed to convey Puffer's intent to terminate and that while the December letter conveyed the requisite notice, Puffer failed to allow NBC 90 days for cure before taking another job, thus breaching paragraph 8a of the agreement. The assignment is not well taken.

Puffer's last assignment of error complains of the court's finding that NBC timely cured its defaults under paragraph 21 and urges that paragraph 21 is unconscionable. We have already given our reasons for concluding that NBC timely cured its defaults. The advertising and promotional materials sought by Puffer were ready[*7] for his order by late January, 1971, less than 90 days after December 8, 1970.

Puffer's second issue is that the court should have exercised its equitable powers to free him from the operation of paragraph 21, which he terms unconscionable. [HN3] The equitable grant of rescission is a matter resting within the sound discretion of the court. *Reid v. Burns (1861), 13 Ohio St. 49.* The term "unconscionability" is one which is not susceptible of precise definition. The United States Supreme Court, however, adopted the following definition of an unconscionable contract in *Hume v. United States (1889), 132 U.S. 406 at 411:*

[O]ne such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.

In general, competent adults are bound by that to which they agree provided it is not otherwise illegal. The courts will not relieve a party from the operation of a merely bad or unwise bargain. 17 American Jurisprudence 2d 561, Contracts § 192 (1964). We do not find that the contract in the instant case was procured unfairly through overreaching on NBC's part or that NBC exploited some weakness or necessity[*8] of Puffer's so as to shock the conscience of the court. Neither the franchise agreement nor paragraph 21 is unconscionable as a matter of law. We find no abuse of discretion in the judgment below.