Michael W. Hawkins (0012707)
Jon B. Allison (0073955)
Attorneys for Defendant EyeMart Express, Ltd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| | : | |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **REPLY IN SUPPORT OF MOTION** |
| EYEMART EXPRESS, LTD., | : | **TO COMPEL AND MOTION FOR** |
| | : | **SANCTIONS** |
| Defendant. | : | |

**I.      INTRODUCTION**

On February 25, 2004, Defendant EyeMart Express, Ltd. ("EyeMart") filed its Motion to Compel and Motion for Sanctions. On March 17, 2004, Plaintiff M&S Advisory Group, Inc. ("M&S") filed its Memorandum in Opposition to Defendant's Motion to Compel and Motion for Sanctions ("M&S's Memorandum"). In EyeMart's Memorandum in Support ("EyeMart's Memorandum"), EyeMart demonstrated that M&S has not provided complete responses to EyeMart's Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc., including documents Martin Sherman admitted in his deposition that he possessed. EyeMart demonstrated that it is entitled to those documents and/or an Order of a jury instruction that an adverse inference is created by M&S's failure to produce the documents. EyeMart will not restate those arguments herein. However, for the reasons stated below, as well as in EyeMart's Memorandum in Support, EyeMart's Motion to Compel and Motion for Sanctions should be granted in its entirety.

II. **ARGUMENT**

In M&S's Memorandum, M&S states that EyeMart has no evidence to support its belief that M&S kept lists of work he was performing for each of his clients, including EyeMart. (M&S's Memorandum at 1, 3-5). M&S claims that these lists, which EyeMart has sought in discovery, may never have existed, but that, even if they did, there is no evidence that such documents existed on the date of Sherman's deposition or even on the date EyeMart terminated the Agreement with M&S. (M&S's Memorandum at 1, 3-5). Each of these assertions is disingenuous and patently false.

In response to Interrogatory Nos. 3 and 4 of EyeMart's Second Set of Interrogatories Directed to Plaintiff M&S Advisory Group, Inc., which asked M&S to identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what he was performing for Defendant and other clients during the year 2002, M&S responded that Sherman "kept daily notes of contacts made or things to do." (Exhibit E to EyeMart's Memorandum). These Interrogatory responses were verified by Sherman. M&S, however, did not produce the documents in response to EyeMart's Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc.

When counsel for EyeMart made a follow-up request for the documents which M&S failed to produce, counsel for M&S informed counsel for EyeMart that Sherman "only keeps those notes back for the last few months or so. There were no notes from the time period he worked for EyeMart." (Exhibit H attached to EyeMart's Memorandum). Given that M&S threatened litigation just over one week after EyeMart terminated the Agreement, and given that M&S brought its lawsuit against EyeMart just three weeks after the termination of the

Agreement, M&S would still have possessed the documents for "the last few months" when it threatened and brought this lawsuit against EyeMart. (Exhibit A to EyeMart's Memorandum).

Moreover, Sherman specifically testified, in his deposition, that he kept lists on tablets of the work he was performing for clients, including EyeMart. (Sherman Depo. at 54-57, attached to EyeMart's Memorandum as Exhibit B). Sherman testified that those lists were in his office as of the day of his deposition. (Sherman Depo. at 54-57).

> Q: Do you have any kind of calendaring system that you use to do that?
>
> A: To do what, sir?
>
> Q: To do the follow-up.
>
> A: No. The follow-up -- I would have a list on my desk which would say, "I am working on the following things." Okay? "I called Jonathan at such and such a day, talked about a location. I was supposed to get a letter of intent, and I haven't gotten it, and now it is a week later." I am going to follow-up on that.
>
> Q: And did you have such a list for EyeMart?
>
> A: I have a list for everybody like that. Sure.
>
> . . .
>
> Q: Do you keep those lists?
>
> A: Yeah. You will call -- yeah, I have got them all. Do you want the -- they are all on tablets.
>
> Q: Where are they?
>
> A: In my office.

(Sherman Depo. at 54-57).

In sum, contrary to M&S's disingenuous assertions, there is ample record evidence that the documents EyeMart has sought in discovery existed, that they existed on the dates M&S contemplated and brought its lawsuit against EyeMart, and even on the date of Sherman's deposition. Any attempt by Sherman to now claim otherwise should be ignored by this Court.

3

In its Memorandum, M&S also claims that EyeMart has mischaracterized the documents it has sought for production. (M&S's Memorandum at 1, 3-4). This is simply not true. EyeMart has characterized the documents it has sought for production as "lists/notes/worksheets" because that is how Sherman characterized the documents in his deposition and in responding to written discovery requests. (Sherman Depo. at 54-57; Exhibits E & F to EyeMart's Memorandum). In addition, M&S disingenuously suggests that EyeMart initially used the term "list" during Sherman's deposition and that Sherman became confused and began to also use the term "list." (M&S's Memorandum at 2; Sherman Aff. ¶¶ 4-5). This is untrue. Rather, it was Sherman who initially characterized these documents as lists and testified that he kept "a list for everybody like that" of the work he was performing for his clients. (Sherman Depo. at 54-55). EyeMart has not mischaracterized the documents it has sought for production.

On page 5 of its Memorandum, M&S cites to <u>Keen v. Hardin Memorial Hosp.</u>, 2003 Ohio App. Lexis 6076 (Dec. 15, 2003) (attached to M&S's Memorandum) in support of its position that it should not be sanctioned because it has not spoiled evidence in this case. However, <u>Keen</u> is not applicable. In <u>Keen</u>, at issue was the failure by defendant to produce emergency room dictation regarding a particular patient. The only evidence the plaintiff could produce to show that the emergency room dictation existed was witness Dr. Romig's testimony that he would have normally created such dictation. However, all of the other evidence contradicted this testimony. Dr. Romig testified that he placed the letter "D" in a circle on each chart for which he did dictation. All other charts with this identifying notation contained Dr. Romig's dictation. The chart in question, however, did not contain the identifying notation "D" and other evidence indicated that no dictation ever existed. *See*, <u>Keen</u>, 2003 Ohio App. Lexis at *4.

In contrast, in the present case, all of the evidence, including Sherman's deposition testimony, demonstrates that the documents EyeMart has sought for production existed and existed as of the date of Sherman's deposition. M&S claims that there is no evidence that M&S destroyed documents after Sherman's deposition. (M&S's Memorandum at 3). Sherman, however, cannot explain why he testified in his deposition that he had the documents "[i]n my office." Moreover, Sherman admits that the documents were "discarded" without stating when or why they were discarded. (M&S's Memorandum at 2; Sherman Aff. at ¶ 7). M&S states that, even if the documents existed and were destroyed, EyeMart can't prove that the documents were willfully destroyed by Sherman for the purpose of disrupting EyeMart's case. Obviously, only Sherman knows for sure when he destroyed the documents and what his intentions were in destroying the documents because Sherman had exclusive possession and control over the documents that he has failed to produce. Sherman knew, however, that these documents were relevant to this lawsuit because EyeMart terminated the Agreement due to M&S's failure to perform under the Agreement. The law is well settled that parties have a duty to preserve evidence they know or should know is relevant to pending, imminent or reasonably foreseeable litigation. *See* Shamis v. Ambassador Factors Corporation, 34 F.Supp2d 879, 888-889 (S.D.N.Y. 1999); Shaffer v. RWP Group, 169 F.R.D. 19, 24 (E.D.N.Y. 1996). Sherman has not provided an adequate explanation for failing to produce these documents.

As the Keen court recognized:

> sanctions and causes of action for spoliation of evidence are designed to place responsibility and accountability on parties who were actually in possession of evidence that existed at one time but who later do not provide this evidence and do not provide an adequate explanation for failing to do so.

Keen, 2003 Ohio App. Lexis at *4 *citing* Hubbard v. Cleveland, Columbus, & Cincinnati Hwy., Inc., 76 N.E. 2d 721 (Ohio App. 1947); *see also*, The Cleveland Concession Co. v. City of

5

Cleveland, 83 N.E. 2d 818 (Ohio App. 1948).  Courts have consistently held that, to the extent there were relevant documents that were destroyed and cannot or are not produced in discovery, juries are to infer from the unavailability of these documents that they would have been unfavorable to the party who destroyed them.  *See, e.g.* Travelers Insurance Co. v. Dayton Power and Light Co., 663 N.E.2d 1383 (Ohio Cm. Pl. 1996); Shamis v. Ambassador Factors Corporation, 34 F.Supp2d 879 (S.D.N.Y. 1999); Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148 (1st Cir. 1996); Donato v. Fitzgibbons, 172 F.R.D. 75; Shaffer v. RWP Group, 169 F.R.D. 19 (E.D.N.Y. 1996).

That is precisely the situation we have here.  As set forth in EyeMart's Memorandum in Support and above, EyeMart has demonstrated that M&S has not provided complete responses to EyeMart's discovery requests, including documents Sherman admitted he possessed in his deposition.  M&S's arguments in support of its position that EyeMart's Motion to Compel and Motion for Sanctions is without merit are incorrect, unsupported and disingenuous.

### III.    CONCLUSION

For the reasons stated herein, and for the reasons set forth in EyeMart's Motion to Compel and Motion for Sanctions and Memorandum in Support, EyeMart respectfully requests that this Court grant its Motion to Compel and Motion for Sanctions in its entirety.

Respectfully submitted,

/s/ Michael W. Hawkins
Michael W. Hawkins (0012707)
Jon B. Allison (0073955)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
513/977-8200 (Phone)
513/977-8141 (Fax)

Trial Attorneys for Defendant,
EyeMart Express, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert A. Pitcairn, Jr., Esq.
Wijdan Jreisat, Esq.
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202-4787

/s/ Michael W. Hawkins
Michael W. Hawkins

#1000096