Service: **Get by LEXSEE®**
Citation: **1999 Ohio App. LEXIs 6528**

*1999 Ohio App. LEXIS 6528, ** 

Gary Traveny, Plaintiff-Appellant, v. University of Akron, Defendant-Appellee.

No. 98AP-1455

COURT OF APPEALS OF OHIO, TENTH APPELLATE DISTRICT, FRANKLIN COUNTY

1999 Ohio App. LEXIS 6528

August 12, 1999, Rendered

**PRIOR HISTORY:** [*1] APPEAL from the Court of Claims of Ohio.

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant employee sought review of a decision from the Court of Claims of Ohio, granting judgment to appellee university on appellant's action for breach of his employment contract.

**OVERVIEW:** Appellant employee sought review of a judgment for appellee university on his claim for breach of an employment contract, claiming the promotion he received entitled him to the same job classification range and corresponding salary of his purported "predecessor." The court affirmed the judgment for appellee, finding appellant was not promoted to the same job as his purported "predecessor," since that individual took with him to his new position many of the responsibilities and duties of his former position. The court concluded that appellant was promoted to a newly created position, which did not have a previously established job classification range or salary. The court also found that, while appellant was, in fact, promoted, the faculty manual made any salary increase discretionary. The court determined that the use of the word "may" in the salary clause was clear and unambiguous under the circumstances, and made any salary increase discretionary.

**OUTCOME:** The court affirmed the judgment for appellee university, finding there was no breach of appellant employee's employment contract. The court determined that appellant was promoted to a newly created position, and, as such, had no history of job classification range or salary. The court also found that, while appellant was promoted, any pay increase was discretionary pursuant to the faculty manual.

**CORE TERMS:** retention, pay increase, discretionary, assignments of error, new position, promotion, manifest, promoted, salary, manual, duties, employment contract, failed to prove, faculty, vacated, credible evidence, ambiguous, breach of contract, newly-created, mandatory, breached, journalized, unambiguous, hardship, assignment of error, board of trustees, salary increase, higher grade, set forth, job title

**LexisNexis (TM) HEADNOTES - Core Concepts -** ✦ Hide Concepts

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review
*HN1* ✦ Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being

against the manifest weight of the evidence. More Like This Headnote

Evidence > Procedural Considerations > Inferences & Presumptions
Contracts Law > Breach > Causes of Action
HN2 To prevail in a breach of contract action, a plaintiff must generally prove the following: the existence of a contract; performance by the plaintiff; breach by the defendant; and, damage or loss to the plaintiff. More Like This Headnote

Contracts Law > Contract Interpretation > Ambiguities & Contra Proferentem
HN3 When construing a contract, the intentions of the parties are to be ascertained from the language of the instrument. In reviewing the language, common words appearing in a written instrument will be given their ordinary meaning. If the meaning is unambiguous, a court will not create a construction contrary to its plain terms. Moreover, a written agreement does not become ambiguous simply because its operation will work a hardship on one of the parties and create an advantage for the other. More Like This Headnote

**COUNSEL:** George B. Vasko, for appellant.

Betty D. Montgomery, Attorney General, and Peggy W. Corn, for appellee.

**JUDGES:** TYACK, J., LAZARUS, P.J., and DESHLER, J., concur.

**OPINIONBY:** TYACK

**OPINION:** (REGULAR CALENDAR)

TYACK, J.

On January 17, 1997, Gary Traveny filed a complaint in the Court of Claims of Ohio, naming as defendants the University of Akron ("UA") and its board of trustees. n1 After exhausting his administrative remedies, Mr. Traveny commenced this litigation, the basis of which was an allegation that UA breached its employment contract with him. Specifically, Mr. Traveny claimed that a promotion he received entitled him to the same job classification range and corresponding salary that his purported "predecessor" had. Additional facts are set forth below in our discussion of the assignments of error.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Pursuant to an entry journalized January 27, 1997, the board of trustees was dismissed as a party. Citing R.C. 2743.02, the court indicated that the board cannot be a proper party defendant in the Court of Claims since it is not a state agency or instrumentality.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*2]

The case ultimately came on for trial in January 1998. After the parties filed post-trial briefs, the trial court rendered a decision in favor of UA. This decision was journalized pursuant to an entry filed October 23, 1998.

Gary Traveny ("appellant") has timely appealed the decision of the Court of Claims, assigning three errors for our consideration:

I. The trial court erred in concluding that the plaintiff's new position did not entitle him to the same pay scale as that of his predecessor.

II. The court erroneously concluded that under the language of the faculty manual, a pay increase is completely discretionary.

III. The decision of the trial court is not supported by the evidence.

Since appellant's first and third assignments of error raise identical issues, we address them jointly. These arguments collectively challenge the trial court's ultimate conclusion that appellant failed to prove that UA breached the employment contract and, as a result, failed to prove that he was entitled to the pay increase. In appellant's view, such a finding is against the manifest weight of the evidence.

The well-established standard to be applied by an appellate court in addressing [*3] a manifest weight argument is set forth in the syllabus to *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 376 N.E.2d 578:

HN1

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.

Thus, our inquiry, limited to an extent by deference to the trial court's findings and conclusions, is whether the record contains some competent, credible evidence to support the trial court's judgment holding that appellant failed to prove the essential elements of his breach of contract claim.

HN2 To prevail in a breach of contract action, a plaintiff must generally prove the following: the existence of a contract; performance by the plaintiff; breach by the defendant; and, damage or loss to the plaintiff. *Doner v. Snapp* (1994), 98 Ohio App. 3d 597, 600, 649 N.E.2d 42, citing 2 Ohio Jury Instructions (1993), Section 253.01, at 111-112, and *Am. Sales, Inc. v. Boffo* (1991), 71 Ohio App. 3d 168, 175, 593 N.E.2d 316.

The dispute here involves a provision in the employment contract, as delineated [*4] in UA's faculty manual, pertaining to promotions and salary increases.

Turning to the evidence adduced at trial, the following facts were established. Appellant commenced his employment with UA as a graduate student in 1979. By 1981, he was promoted to "Professional Academic Advisor." Ten years later, appellant was promoted to the position of "Assistant Director of New Student Orientation and Retention."

In February 1993, John Owen, Director of Student Orientation and Retention, vacated the position. The record contains evidence that, instead of hiring a replacement for this vacated position, UA created a *new* position, "Director of New Student Orientation." Appellant accepted this position. However, after accepting, he was informed that he would not be entitled to a salary increase commensurate with that of Mr. Owen when he vacated his position.

The trial court ultimately concluded that appellant failed to prove that UA breached the employment contract because UA was not required to increase appellant's salary to that of Mr. Owen. Essential to this conclusion was the court's factual determination that UA performed a job audit and found that appellant's new position was *not* [*5] the same position which Owen had held. The court emphasized that there were "many more duties and responsibilities associated with the vacated position" than the newly-created position held by appellant.

Appellant argues to the contrary--that the record establishes, in large part by his own testimony, that he did perform many "retention" duties previously performed by Owen. However, notwithstanding appellant's testimony to the contrary, other witnesses (including his superior and the person who created and developed the "retention" position held by Owen) testified that the newly-created position required little, if any, retention duties. According to appellant's superior, appellant's job title did not include the word "retention" because it was expected that those retention duties would be continued by Mr. Owen as part of his new position.

Obviously, the job titles are not the same. Appellant's job title did not include "retention," which, of course, is not necessarily dispositive of the question. What *is* significant is the evidence which establishes that Mr. Owen's former position as "Director of New Student Orientation and Retention" did include, not surprisingly, substantial **[*6]** retention obligations. By its holding, the trial court rejected appellant's testimony that his new position included those retention duties formerly performed by Owen. Since there is competent, credible evidence upon which the trial court could base this factual conclusion, we will not disturb it.

Based upon the record before us, the trial court's determination that there was no breach of contract was not against the manifest weight of the evidence.

The first and third assignments of error are overruled.

Appellant's second assignment of error is closely related to the others. He contends that the trial court erroneously determined that a pay increase is discretionary, not mandatory, under the terms and language of UA's faculty manual. The provision at issue, Section 3359-22-02 (C)(2)(a), reads:

An individual moving to a vacant position having a higher grade is considered to be promoted and the salary *may* be adjusted to ensure an appropriate pay increase reflecting not less than the minimum for the new grade. (Emphasis added.)

Appellant argues that his promotion to Mr. Owen's job mandated that he be paid the same salary at the same classification grade level. This argument **[*7]** fails for two reasons.

UA concedes that appellant's appointment to the position of "Director of New Student Orientation" was indeed a promotion; however, appellant's promotion was not to Mr. Owen's job but to a newly-created one. Based upon our discussion of the first and third assignments of error, we agree.

Moreover, even assuming *arguendo* that appellant was promoted to Mr. Owen's position, UA was still not obligated to pay appellant at the same rate that it had paid Mr. Owen. Given the language of the faculty manual provision set forth above, we agree with the trial court's determination that a pay increase is completely discretionary.

Appellant concedes that the word "may" typically means "discretionary" or "permissible," rather than mandatory. However, he argues that, in the context of this case, the language of the policy manual is "indefinite" or "ambiguous" and, therefore, should be construed so as to effectuate the parties' intentions. We disagree. The plain meaning of "may" is patently clear under the circumstances. "May" denotes discretion or permission. "May" is clearly unambiguous and, therefore, a reviewing court should not create a construction contrary to its **[*8]** plain terms. As stated in *Labate v. National City Corp.* (1996), 113 Ohio App. 3d 182, 185, 680 N.E.2d 693:
*HN3*

When construing a contract, the intentions of the parties are to be "ascertained from the language of the instrument." *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393 ***,

paragraph one of the syllabus. In reviewing the language, *common words appearing in a written instrument will be given their ordinary meaning. Alexander v. Buckeye Pipe Line Co.* *** [(1978), 53 Ohio St. 2d 241, 374 N.E.2d 146], paragraph two of the syllabus. If the meaning is unambiguous, a court will not create a construction contrary to its plain terms. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St. 3d 51, 544 N.E.2d 920, *** syllabus. Moreover, a written agreement does not become ambiguous simply because its operation will work a hardship on one of the parties and create an advantage for the other. *Ullmann v. May* (1947), 147 Ohio St. 468, 72 N.E.2d 63, *** paragraph one of the syllabus.

Applying the "ordinary meaning" of "may," the manifest meaning of the discretionary provision is that even though an **[*9]** employee is "considered to be promoted" if moved to a higher grade classification, the employee is not necessarily entitled to a pay increase. Had UA intended a mandatory pay increase, it would have used the word "shall" or "will." Any other construction of this provision would require torturous reasoning, and would essentially affect a court-ordered alteration of a significant term of the parties' contract. As stated in *Labate*, the discretionary provision does not become ambiguous simply because its effect might "work a hardship" on appellant.

Based upon the foregoing, the trial court committed no error in its determination that the provision pertaining to a salary increase is discretionary.

The second assignment of error is overruled.

Having overruled the assignments of error, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

LAZARUS, P.J., and DESHLER, J., concur.

Service: **Get by LEXSEE®**
Citation: **1999 Ohio App. LEXIs 6528**
View: Full
Date/Time: Thursday, April 8, 2004 - 11:42 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.