Service: **Get by LEXSEE®**
Citation: **2002 us app lexis 24549**

*51 Fed. Appx. 580, \*; 2002 U.S. App. LEXIS 24549, \*\*;*
*171 L.R.R.M. 2512*

UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION; DONALD MILLER, Plaintiffs-Appellants, v. CYPRUS MOUNTAIN COALS CORPORATION; CYPRUS AMAX COAL COMPANY; RAG AMERICAN COAL COMPANY, Defendants-Appellees.

Case No. 01-5293

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

51 Fed. Appx. 580; 2002 U.S. App. LEXIS 24549; 171 L.R.R.M. 2512

December 2, 2002, Filed

**NOTICE: [\*\*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY. 00-00401. J M Hood. 02-08-01.

**DISPOSITION:** Reversed.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs, a union and an injured employee, sought review of a decision of the United States District Court for the Eastern District of Kentucky, which granted a motion to dismiss to defendants, an employer and the affiliated companies, in the plaintiffs' action for breach of a collective bargaining agreement filed pursuant to 29 U.S.C.S. § 185.

**OVERVIEW:** The employee was injured in a mining accident and applied for a disability pension under the provisions of a collective bargaining agreement entered into between the union and defendants. The employee's claim was denied because the mine injury was not the sole and exclusive cause of his total disability. The employee and the union filed an action for breach of the collective bargaining agreement, claiming that under the terms of the agreement defendants were to secure disability pension benefits that did not have the disability exclusion. The district court dismissed the action under Fed. R. Civ. P. 12(b)(6). Reversing, the court held that the employee and the union had set forth sufficient allegations to state a claim under 29 U.S.C.S. § 185 for breach of contract because the collective bargaining agreement referenced a union pension plan that had a well established meaning and that did not have the exclusionary clause. Additionally, there were allegations that defendants breached the agreement by failing in practice to provide the type of disability policy agreed to.

**OUTCOME:** The court reversed the decision of the district court that had dismissed the action filed by the employee and the union for failure to state a claim.

**CORE TERMS:** collective bargaining agreement, eligibility, pension plan, disability pension,

breach of contract, disability, explicit language, sole and exclusive cause, pension benefits, cause of action, negotiations, breached, pension, failure to state a cause of action, collective bargaining, pension benefit, well-established, amend

## LexisNexis (TM) HEADNOTES - Core Concepts - ✦ Hide Concepts

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Civil Procedure > Appeals > Standards of Review > De Novo Review

*HN1* ⚑ The court reviews de novo a district court's dismissal of a complaint for failure to state a claim. The court must accept as true all well-pleaded allegations of the complaint and must construe all allegations in the light most favorable to the plaintiff. In order for a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint. More Like This Headnote

Labor & Employment Law > Collective Bargaining & Labor Relations > Enforcement
*HN2* ⚑ See 29 U.S.C.S. § 185(a).

Labor & Employment Law > Collective Bargaining & Labor Relations > Enforcement
Contracts Law > Contract Interpretation > Interpretation Generally

*HN3* ⚑ Many of the basic principles of contractual interpretation are fully appropriate for discerning the parties' intent in collective bargaining agreements. For example, the court should first look to the explicit language of the collective bargaining agreement for clear manifestations of intent. The intended meaning of even the most explicit language can, of course, only be understood in light of the context which gave rise to its inclusion. The court should also interpret each provision in question as part of the integrated whole. If possible, each provision should be construed consistently with the entire document and the relative positions and purposes of the parties. As in all contracts, the collective bargaining agreement's terms must be construed so as to render none nugatory and avoid illusory promises. Where ambiguities exist, the court may look to other words and phrases in the collective bargaining agreement for guidance. More Like This Headnote

**COUNSEL:** For UNITED MINE WORKERS OF AMERICA, DONALD MILLER, Plaintiffs-Appellants: James R. Hampton, Hazard, KY.

For UNITED MINE WORKERS OF AMERICA, DONALD MILLER, Plaintiffs-Appellants: Judith Rivlin, United Mine Workers of America International Union, Fairfax, VA.

For UNITED MINE WORKERS OF AMERICA, DONALD MILLER, Plaintiffs-Appellants: Bradley J. Pyles, Crandall, Pyles, Haviland & Turner, Logan, WV.

For CYPRUS MOUNTAIN COALS CORPORATION, CYPRUS AMAX COAL COMPANY, Defendants-Appellees: Barry D. Hunter, Medrith Lee Norman, Frost, Brown & Todd, Lexington, KY.

For RAG AMERICAN COAL COMPANY, Defendant-Appellee: Lindsey W. Ingram, III, P. Douglas Barr, Stoll, Keenon & Park, Lexington, KY.

**JUDGES:** Before: MOORE and SILER, [**2] Circuit Judges; STAFFORD, District Judge. * SILER, Circuit Judge, dissenting.

* The Honorable William Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

**OPINIONBY:** William Stafford

**OPINION:** [*580] **STAFFORD,** District Judge. Plaintiffs appeal the district court's order dismissing this labor breach of contract action for failure to state a cause of action. We reverse.

A. THE ALLEGATIONS IN PLAINTIFFS' COMPLAINT

On or about May 28, 1994, Cyprus Mountain Coals Corporation ("Cyprus Mountain") entered into a collective bargaining [*581] agreement with the United Mine Workers of America ("UMWA"). Prior to the negotiations for the 1994 agreement, Cyprus Amax Minerals Company ("Cyprus Amax") maintained and administered a pension plan covering its employees and the employees of its various subsidiaries, including Cyprus Mountain.

During the negotiations for the 1994 collective bargaining agreement, Cyprus Amax and Cyprus Mountain agreed to adopt amendments to its existing pension plan that would provide for disability pensions and that would conform the eligibility requirements for such pensions to the eligibility standards of the UMWA 1974 [**3] Pension Plan, a multiemployer pension plan established by the National Bituminous Coal Wage Agreements of 1974, 1978, 1981, 1984, 1988, and 1993.

Pursuant to the agreement, Cyprus Mountain and Cyprus Amax prepared amendments to the existing pension plan and submitted those amendments to the UMWA for approval. The UMWA approved the proposed amendments as consistent with the parties' agreement. The language contained in the amendments submitted to and approved by the UMWA was essentially identical to the disability pension provisions which had been a part of the UMWA 1974 Pension Plan since its inception in 1974. According to the plaintiffs, said provisions had a well-established meaning, based not only upon written interpretations and guidelines approved by the Trustees of the UMWA 1974 Pension Plan but also upon numerous decisions of the federal courts construing the language used in the provisions. As authoritatively construed by the courts and the trustees of the UMWA 1974 Pension Plan, such language allegedly does not require that a mine accident be the sole and exclusive cause of the miner's disability.

Plaintiff Donald Miller ("Miller")) was injured in a mine accident while [**4] working for Cyprus Mountain on November 2, 1995. He applied for a disability pension under the provisions negotiated in the 1994 UMWA-Cyprus Mountain collective bargaining agreement but was denied benefits on the grounds that his mine injury was not the sole and exclusive cause of his total disability.

To the extent that the defendants, in denying benefits to Miller, relied on any language in the plan or any document other than the amendments submitted to and approved by the UMWA, the defendants breached the collective bargaining agreement by failing to obtain the approval of such changes by the UMWA. The application by the defendants of substantially more restrictive requirements is a breach of the 1994 UMWA-Cyprus Mountain collective bargaining agreement, which expressly provided that the eligibility standards for disability pensions were to be the same as those in the UMWA 1974 Pension Plan. The defendants' denial of benefits to Miller is an ongoing breach of the terms of the agreement.

B. THE COLLECTIVE BARGAINING AGREEMENT

The relevant section of the parties' collective bargaining agreement provided:

> The employer shall continue the Kentucky Mines Pension Plans for the [**5] duration of this agreement. The plan will be amended, subject to UMWA review and approval, to provide the following:

...

> (2) A minimum disability pension benefit of $ 500. The eligibility requirements will be amended to be the same as in the UMWA Plan.

J.A. at 84.

C. THE DISTRICT COURT'S ORDER

In essence, the district court determined that the plaintiffs' cause of action for [*582] breach of the collective bargaining agreement was defeated by the plaintiffs' own allegations. Specifically, the district court found that (1) the complaint alleged a contractual promise by the defendants to amend their pension benefit plan and to submit said amendments to the UMWA for approval, nothing more; and (2) the complaint also alleged that the defendants in fact amended their pension benefit plan and submitted the amendment to the UMWA for approval as agreed.

D. *STANDARD OF REVIEW:*

HN1 This court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim. *Bower v. Fed. Express Corp.,* 96 F.3d 200 (6th Cir. 1996). The court must accept as true all well-pleaded allegations of the complaint and must construe all allegations in the light most [**6] favorable to the plaintiff. In order for a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint.

E. *DISCUSSION*

Plaintiffs sue for breach of contract under 29 U.S.C. § 185, HN2 which states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. 185(a).

Here, the plaintiffs alleged that UMWA sought, and Cyprus Mountain agreed to provide, a disability pension benefit with eligibility requirements that would be "the same as in the UMWA Plan." The parties' collective bargaining agreement is consistent with the plaintiffs' allegations. The plaintiffs also alleged that, at the time the parties agreed to use the same eligibility requirements [**7] as in the 1974 Pension Plan, the language in the 1974 Plan had a well-established meaning, one that did not require a mine accident to be the sole and exclusive cause of a miner's disability. Finally, the plaintiffs alleged that the defendants breached the collective bargaining agreement by failing, in practice, to provide a disability pension benefit consistent with the eligibility requirements that the defendants agreed to use. We think these allegations are sufficient to state a claim under section 185 for breach of contract.

Reading the collective bargaining agreement narrowly, the district court found that the defendants satisfied their obligations under the agreement by amending the pension benefits plan to provide the same eligibility requirements as those in the UMWA Plan. The district court apparently interpreted the agreement as placing no obligation upon the defendants to then implement the eligibility requirements in a manner consistent with the UMWA Plan.

In *International Union, United Auto Workers v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983), cert. denied, 465 U.S. 1007, 104 S. Ct. 1002, 79 L. Ed. 2d 234 (1984), the Sixth Circuit [**8] provided a framework for interpreting a collective bargaining agreement as follows:

> HN3 Many of the basic principles of contractual interpretation are fully appropriate for discerning the parties' intent in collective bargaining agreements. For example, the court should first look to the explicit language of the collective bargaining agreement for clear manifestations of intent ... The intended meaning [*583] of even the most explicit language can, of course, only be understood in light of the context which gave rise to its inclusion ... The court should also interpret each provision in question as part of the integrated whole. If possible, each provision should be construed consistently with the entire document and the relative positions and purposes of the parties ... As in all contracts, the collective bargaining agreement's terms must be construed so as to render none nugatory and avoid illusory promises ... Where ambiguities exist, the court may look to other words and phrases in the collective bargaining agreement for guidance.

*Yard-Man*, 716 F.2d at 1479-1480 (cites omitted). Because we conclude that the district court ignored the lessons of *Yard-Man* [**9] and erred in dismissing the case without allowing evidence or argument regarding the intended meaning of the parties' agreement, we REVERSE.

**DISSENTBY:** SILER

**DISSENT:**

**SILER,** Circuit Judge, dissenting.

I respectfully dissent, as I do not feel that the plaintiffs stated a cause of action for breach of contract under 29 U.S.C. § 185.

As the majority relates, during the negotiations for a collective bargaining agreement (CBA), Cypress Mountain and Cypress Amax agreed to amend their plan to increase their health and pension benefits to levels similar to those provided in the UMWA 1974 Pension Plan. Thereafter, Cypress Mountain and Cypress Amax prepared amendments to the portion of their pension plan dealing with UMWA-represented employees and submitted them to the UMWA for review and approval. The language of the proposed amendments with respect to disability payments was substantively identical to the corresponding provisions of the UMWA Plan. Accordingly, the UMWA approved the language as consistent with the agreement of the parties.

Although the UMWA asserts that Cypress Mountain and Cypress Amax breached the CBA, its primary complaint is with the pension benefits [**10] committee, which administers the pension plan and has made an interpretation that is not in accordance with the UMWA's interpretation. If the UMWA had wanted the same interpretation as effected by the trustees of the UMWA Pension Plan, then it could have easily included that in the CBA.

The majority correctly quotes the language from *International Union, United Auto Workers v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983). However, that case states that we must look first to the explicit language of the agreement to determine, if possible, the intent of the parties. *Id.* at 1479. Following that decision, I would find that the explicit language of the CBA illustrates that the parties intended for the defendants to continue the Kentucky Mines Pension Plans and for certain amendments to be made with the UMWA's approval. There is no indication from the language that the parties intended to restrict the benefits committee's ability to interpret the UMWA Plan language or that there was an understanding that the committee would be required to apply the eligibility standard of the UMWA Plan.

Plaintiffs may have a cause of action under ERISA, 29 U.S.C. § 1132 [**11] (a)(1)(B), but they have not asserted such a claim in this case. Therefore, I would affirm the decision of the district court in dismissing the case for failure to state a cause of action for a breach of contract under 29 U.S.C. § 185.

Service: **Get by LEXSEE®**
Citation: **2002 us app lexis 24549**
View: Full
Date/Time: Thursday, April 8, 2004 - 11:44 AM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.