Service: **Get by LEXSEE®**
Citation: **1995 ohio app lexis 5405**

*1995 Ohio App. LEXIS 5405, **

C. William Schleicher, Jr., Plaintiff-Appellant, v. Alliance Corporate Resources, Inc., Defendant-Appellee. Alliance Corporate Resources, Inc., Plaintiff-Appellee, v. C. William Schleicher, Jr., Defendant-Appellant.

No. 95APE03-311, No. 95APE03-312

COURT OF APPEALS OF OHIO, TENTH APPELLATE DISTRICT, FRANKLIN COUNTY

1995 Ohio App. LEXIS 5405

December 7, 1995, Rendered

**NOTICE:** [*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

**PRIOR HISTORY:** APPEAL from the Franklin County Court of Common Pleas.

**DISPOSITION:** Judgment reversed in part, sustained in part; remanded.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee appealed a summary judgment from the Franklin County Court of Common Pleas (Ohio) for defendant employer in the employee's suit alleging breach of employment agreement, promissory estoppel, and age discrimination.

**OVERVIEW:** Shortly after the employee signed an employment contract sold his home, and relocated his family, he was terminated. He sued for breach of contract, promissory estoppel, and age discrimination. On appeal from a summary judgment for the employer, the court sustained the employee's breach of contract claim as to the duration of the contract, finding that the contract was ambiguous and a material fact existed on the parties' intent and the material terms. But the court overruled the employee's claim as to the bonus provision, which was not ambiguous and was unenforceable absent a meeting of the minds on material terms. The court also sustained the employee's promissory estoppel claim because he showed reasonable and detrimental reliance on the president and chief executive officer's representations of guaranteed employment for two years. The employee's age discrimination claim failed because he did not show a factual issue that his discharge was not a legitimate business decision.

**OUTCOME:** The court reversed the summary judgment in part, sustained in part, and remanded to the trial court for further proceedings.

**CORE TERMS:** promissory estoppel, summary judgment, at-will, assignment of error, employment agreement, two-year, six-month, bonus, trier of fact, ambiguous, notice, parol evidence rule, guaranteed, written contract, employment contract, forbearance, credibility, duration, drafter, breach of contract, term of employment, written agreement, prima facie case, parol evidence, detrimental, pertaining, pretext, avail, granting summary judgment, notice of termination

**LexisNexis (TM) HEADNOTES - Core Concepts - ◆ Hide Concepts**

Contracts Law > Contract Interpretation > Interpretation Generally
*HN1* Where the meaning of a term in a contract cannot be determined from the four corners of the document, or where two or more interpretations are possible, a factual determination of the intent or reasonableness of a term may be necessary to supply the missing term. More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
*HN2* Summary judgment is proper when reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in its favor. Ohio R. Civ. P. 56(C). Thus, for purposes of summary judgment, the trial court is bound to construe all reasonable inferences in favor of the nonmoving party. More Like This Headnote

Contracts Law > Contract Interpretation > Ambiguities & Contra Proferentem
*HN3* Ambiguous terms must be construed against the drafter of the contract. More Like This Headnote

Contracts Law > Contract Interpretation > Ambiguities & Contra Proferentem
*HN4* Where a written contract is ambiguous, it is appropriate to look to contemporaneous discussions of the parties in order to interpret the agreement. More Like This Headnote

Contracts Law > Contract Interpretation > Interpretation Generally
*HN5* The language of a contract is to be construed against the drafter. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule
*HN6* When a term of a contract is ambiguous, the parol evidence rule does not bar the admission of statements and evidence to help interpret the agreement. More Like This Headnote

Contracts Law > Contract Interpretation > Interpretation Generally
*HN7* It is axiomatic that a meeting of the minds must exist as to the essential terms of the contract. More Like This Headnote

Labor & Employment Law > Employment Relationships > At-Will Employment
*HN8* At-will agreements may be either oral or written. More Like This Headnote

Contracts Law > Consideration > Promissory Estoppel
*HN9* An at-will employee can avail himself/herself of the equitable remedy of promissory estoppel. More Like This Headnote

Contracts Law > Consideration > Promissory Estoppel
*HN10* As a practical matter, once a party has recovered under a written contract and once a specific duration of employment is found, a party will not be entitled to a double recovery by utilizing the alternative claim of promissory estoppel. However, a party may still plead and present both theories to the trier of fact, and to completely bar one theory at this stage of the proceedings summary judgment is inappropriate. More Like This Headnote

Contracts Law > Consideration > Promissory Estoppel

Get a Document - by Citation - 1995 Ohio App. LEXIS 5405
Case 1:02-cv-00822-SAS Document 57-7 Filed 04/08/2004 Page 3 of 11
Page 3 of 11

HN11 ⭐ Promissory estoppel applies when a promise, which the employer should reasonably expect to induce action or forbearance on the part of the employee, does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise. Whether the employer should have reasonably expected its representation to be relied upon by its employee and whether the expected action or forbearance actually resulted in and is detrimental to the employee, are ordinarily questions of fact for the jury. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination

HN12 ⭐ Once a plaintiff establishes a prima facie case of discrimination, the employer may overcome the prima facie case by propounding a legitimate nondiscriminatory reason for the discharge. The plaintiff must then present evidence showing that the rationale set forth by defendant is only a pretext for unlawful discrimination. More Like This Headnote

**COUNSEL:**
William J. Holt, for appellant C. William Schleicher, Jr.

Hammond & Kazaglis Co., L.P.A., Gregory L. Hammond and Ted N. Kazaglis, for appellee Alliance Corporate Resources, Inc.

**JUDGES:** YOUNG, J. PETREE, J., concurs. BOWMAN, P.J., concurs in part and dissents in part.

**OPINIONBY:** YOUNG

**OPINION:** (ACCELERATED CALENDAR)

OPINION

YOUNG, J.

This matter is before this court upon the appeal of C. William Schleicher, Jr., appellant, from the January 18, 1995 decision and February 15, 1995 entry of the Franklin County Court of Common Pleas, granting summary judgment in favor of appellee, Alliance Corporate Resources, Inc.

The history of this case is as follows: appellant took a position with appellee on October 6, 1992. Prior to appellant's acceptance of this position, appellant had several discussions with appellee's president and CEO, Joe Ciolek. Appellant and Mr. Ciolek had discussions about a possible position over several months, and appellant **[*2]** made two trips from Omaha to Columbus to conduct interviews with members of appellee's management team. After months of negotiation, Mr. Ciolek offered appellant a written contract of employment. Thereafter, appellant proceeded to sell his home in Omaha and relocated his family to Columbus, Ohio. Appellant worked for appellee for approximately six months and, on or about April 21, 1993, received notice that his position was being terminated. Appellee paid appellant for six more months and, on November 1, 1993, appellant started another position with a new company. Thereafter, appellee brought a declaratory judgment action asking the court to determine whether or not it had complied with the October 5, 1992 employment agreement between the parties. Appellant filed a motion to dismiss the declaratory judgment action and, on February 25, 1994, brought his own lawsuit against appellee alleging breach of the employment agreement, promissory estoppel, and age discrimination. These two cases were consolidated below and, thereafter, the parties filed their respective motions for summary judgment. The trial court denied appellant's motion for summary judgment and granted appellee's motion for **[*3]** summary judgment. Appellant then appealed to this

court and the two cases were again consolidated for purposes of briefing and oral argument.

On appeal, appellant sets forth the following assignments of error:

> "I. The Trial Court Erred by Granting Appellee Alliance Corporate Resources, Inc.'s Motion for Summary Judgment and Denying Appellant C. William Schleicher, Jr.'s Motion for Partial Summary Judgment with respect to Schleicher's Breach of Contract Claim and Alliance's Declaratory Judgment Claim. (Decision Granting Alliance's Motion and Denying Schleicher's Partial Motion, pp. 6-9.)

> "II. The Trial Court Erred by Granting Appellee Alliance Corporate Resources, Inc.'s Motion for Summary Judgment and Denying Appellant C. William Schleicher's Motion for Partial Summary Judgment with respect to Schleicher's Promissory Estoppel Claim. (Decision Granting Alliance's Motion and Denying Schleicher's Partial Motion, pp. 9-12.)

> "III. The Trial Court Erred by Granting Appellee Alliance Corporate Resources, Inc.'s Motion for Summary Judgment on Schleicher's Age Discrimination Claim. (Decision Granting Alliance's Motion and Denying Schleicher's Partial Motion, [*4] pp. 4-6.)"

In his first assignment of error, appellant argues that the trial court erred by granting appellee's motion for summary judgment and denying appellant's motion for partial summary judgment with respect to his claim for breach of contract. The employment agreement in question is that which appellant signed on October 5, 1992. Paragraph three of this agreement provides in pertinent part:

> "Your position will be under the Alliance standard Employment Agreement, a draft copy of which will be provided within two (2) days. *Included in that agreement will be a two (2) year period and a six (6) month notice clause.* The agreement will be renewable thereafter, but will reflect from that point service at the pleasure of the Board." (Emphasis added.)

Although paragraph three references the "Alliance standard Employment Agreement," it is undisputed that the parties never executed that agreement. Thus, as the trial court found, the durational term of appellant's employment with appellee is subject to this paragraph. Although we agree with the trial court's assertion that, where the terms in the contract are clear and unambiguous, the court cannot create a new [*5] agreement finding a different intent from that which is expressed in the contract, we disagree with the trial court's finding that this paragraph is clear and unambiguous. As noted by the trial court, [HN1] where the meaning of a term in the contract cannot be determined from the four corners of the document, or where two or more interpretations are possible, a factual determination of the intent or reasonableness of a term may be necessary to supply the missing term. See *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321, 474 N.E.2d 271.

The court found that appellant's interpretation was unreasonable because it failed to take into account the entire sentence which provided that the agreement would have a two-year

period and a six-month notice clause. Finding that the sentence must be construed in its entirety, the court determined the meaning of this disputed language, finding that appellee's interpretation was the intended one.

This court notes that our standard of review is that found in Civ.R. 56. <sup>HN2</sup>Summary judgment is proper when reasonable minds can come to but one conclusion and that conclusion is adverse to the party against **[*6]** whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in its favor. See Civ.R. 56(C); Lytle v. Columbus (1990), 70 Ohio App. 3d 99, 103, 590 N.E.2d 421. Thus, for purposes of summary judgment, the trial court was bound to construe all reasonable inferences in favor of appellant, the nonmoving party. Moreover, <sup>HN3</sup>ambiguous terms must be construed against the drafter of the contract. See Smith v. The Eliza Jennings Home (1964), 176 Ohio St. 351, 355, 199 N.E.2d 733; see, also, Bhavnani v. I.D. Voldness (Sept. 28, 1995), 1995 Ohio App. LEXIS 4398, Franklin App. No. 95APE03-284, unreported (1995 Opinions 4137).

Accordingly, this court must determine if issues of material fact exist in order to determine whether or not summary judgment was appropriate. This court agrees with appellant's assertion that, <sup>HN4</sup>where a written contract is ambiguous, it is appropriate to look to contemporaneous discussions of the parties in order to interpret the agreement. See Yoder v. Electric Co. (1974), 39 Ohio App. 2d 113, 316 N.E.2d 477. Appellant clearly set forth evidence to support his position that both he and Mr. **[*7]** Ciolek contemplated a two-year agreement. In both his interrogatory responses and his deposition testimony, as well as his affidavit, appellant made clear his understanding that he would be guaranteed an initial two-year term of employment and that he would be given at least six-months notice if appellee did not intend to renew his contract.

Appellee's interpretation, on the other hand, is that this was an agreement for a two-year term of employment, *subject* to a six-month notice of termination. However, <sup>HN5</sup>the language of the contract is to be construed against the drafter, and in this case, the drafter did not use the language "subject to." Rather, the drafter used the word "and," and provided the agreement would have a two-year term of employment "and" a six-month notice clause. This court notes that such a provision is open to interpretation. We do not find appellant's interpretation to be unreasonable. Clearly, appellant could have contemplated that he would be guaranteed employment for two years and that in eighteen months, he would be given six-months notice of appellee's decision not to renew the contract. Another plausible interpretation is the one set forth by appellant **[*8]** himself: that he was guaranteed employment for two years and that only after the expiration of the two years, would he be given six months notice. Likewise, appellee's interpretation is plausible: that the term was for two years but that it was subject to a six-month notice provision from day one of the contract.

Given that an issue of material fact exists as to the intent of the parties, and as to a material term of the agreement, this court finds that the trial court erred in concluding that reasonable minds could reach only one conclusion. Clearly, reasonable minds differ as to the interpretation of this clause, as is evidenced by the briefs, deposition, and affidavit testimony in this case.

Moreover, <sup>HN6</sup>when a term of a contract is ambiguous, the parol evidence rule does not bar the admission of statements and evidence to help interpret the agreement. Thus, the trial court's reliance on Uebelacker v. Cincom Systems, Inc. (1988), 48 Ohio App. 3d 268, 549 N.E.2d 1210, is misplaced. The Uebelacker court stated in pertinent part:

> " *** The introduction of this evidence in support of Uebelacker's claim is *not* barred by the parol evidence rule. *** The rule prohibits **[*9]** the introduction

> of evidence of a prior or contemporaneous oral statement to *vary the terms* of a written agreement; however, it has no application to evidence regarding a subsequent oral modification of a written agreement or to the waiver of contractual terms by language or conduct. *** " (Emphasis added.) *Id.* at 273.

In the instant action, appellant is not attempting to vary the terms of the written agreement, rather, appellant is asking the court to interpret the terms insofar as they are ambiguous. In such a case, parol evidence is permissible. Thus, it is permissible to consider appellant's testimony regarding the statements made by Mr. Ciolek, as these statements are relevant in aiding the court's determination as to what the parties intended by this clause. To briefly summarize, this court finds that once it is determined that a clause is ambiguous, parol evidence can be introduced to explain the intention of the parties and to explain what was meant by this two-year provision and six-month notice. Accordingly, appellant's first assignment of error is sustained in part. However, this court does not find that the bonus provision in question was ambiguous. This **[*10]** provision states in pertinent part:

> "You will become a participant in an incentive bonus program, *the exact terms of which we will negotiate with you within sixty (60) days* of your employment. Under that program, *you would be eligible* to earn additional cash compensation ranging from $ 10,000 to $ 40,000 *for your performance on pre-established objectives* covering items similar to those reflected in Attachment A. You and I have discussed a few alternative approaches to such a program and have agreed that we can reach some reasonable agreement from what has already been discussed." (Emphasis added.) *Id.* at paragraph 4 of the Employment Agreement.

Clearly appellant had to meet certain pre-established objectives to be eligible for a bonus pursuant to this provision. Other than appellant's assertion that he was not aware of any problems with his performance, appellant has failed to affirmatively demonstrate those issues for which he would have the burden of proof at trial, *e.g.*, what these pre-established objectives were, and that he was meeting them. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St. 3d 108, 570 N.E.2d 1095. Moreover, **[*11]** the language of the above provision clearly demonstrates that the terms of this bonus program were still up for negotiation. Clearly, the terms pertaining to the bonus program were not defined at the time that these parties signed this agreement. HN7 It is axiomatic that a meeting of the minds must exist as to the essential terms of the contract. *Isquick v. Classic Autoworks, Inc.* (1993), 89 Ohio App. 3d 767, 772, 627 N.E.2d 624. How can there be a meeting of the minds on the essential terms of the bonus program, when the bonus program was still being discussed at the time that this document was signed? Such a provision is unenforceable, absent a meeting of the minds as to the material terms of the bonus plan. *Id.* n1 Accordingly, appellant's first assignment of error is sustained in part, as to his breach of contract claim pertaining to the duration of his contract, and is overruled in part, as to his claim pertaining to the bonus provisions of the contract.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 This court also notes that the trier of fact could find that there was no meeting of the minds as to the durational term of the contract, and therefore find that no employment contract exists. Should the trier of fact find that there was no meeting of the minds as to this material term, and thus, no contract, appellant would not be barred from recovery insofar as he could avail himself of his promissory estoppel claim. See, also, Restatement of the Law

2d, Contracts (1981) 136, Section 215, comment b, which provides in pertinent part: "Where reasonable people could differ as to the credibility of the evidence offered and the evidence if believed could lead a reasonable person to interpret the writing as claimed by the proponent of the evidence, the question of credibility and the choice among reasonable inferences should be treated as *questions of fact*." See, also, Restatement of the Law 2d, Contracts (1981) 59-60, Section 20, comment c, which provides in pertinent part: "There is a problem of interpretation in determining whether a contract has been made as well as in determining what obligations a contract imposes. *** *Even though the parties manifest mutual assent to the same words of agreement, there may be no contract because of a material difference of understanding as to the terms of the exchange.*" (Emphasis added.)

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*12]

In his second assignment of error, appellant argues that the trial court erred in granting appellee summary judgment on appellant's promissory estoppel claim. We agree. The trial court found that appellant must first be an at-will employee in order to avail himself of the doctrine of promissory estoppel. The trial court also found that the agreement between the parties must be an oral employment agreement, in order to invoke the doctrine of promissory estoppel. The leading case on promissory estoppel in an at-will employment context is *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 483 N.E.2d 150. This court finds that the trial court has misread *Mers*.

Initially, this court notes that HN8 at-will agreements may be either oral or written. Thus, the trial court's conclusion, and appellee's argument, that an agreement must be *oral* in order to invoke the doctrine of promissory estoppel, is not well-taken. n2 This court also notes that the *Mers* case did not specifically hold that the doctrine of promissory estoppel *only* applied to at-will employees. Rather, the *Mers* court simply held that HN9 an at-will employee could avail himself/herself of this equitable [*13] remedy.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Thus, this court does not agree with the trial court's reasoning that: 1) promissory estoppel only applies to *oral* agreements and 2) that the parol evidence rule bars any testimony in support of appellant's promissory estoppel claim. Clearly, if promissory estoppel claims *only* applied to *oral* agreements, the parol evidence rule would never be raised as a defense to a promissory estoppel claim, insofar as there would be *no writing* to interpret. It appears that the trial court took a contractual defense and applied it to the doctrine of promissory estoppel. Given the fact that this court found that the terms of the written contract are ambiguous, and that parol evidence would therefore be appropriate, this court is not willing to hold that the parol evidence rule also prohibits evidence in support of appellant's promissory estoppel claim.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

As a practical matter, HN10 once a party has recovered under a written contract and once a specific duration of employment is found, a party will not be [*14] entitled to a double recovery by utilizing the alternative claim of promissory estoppel. However, a party may still plead and present both theories to the trier of fact, and to completely bar one theory at this stage of the proceedings (summary judgment) is inappropriate. (See fn. 1.) See, also, *Stroble v. Sir Speedy Printing Ctr.* (1990), 68 Ohio App. 3d 682, 589 N.E.2d 449; and *Pond v. Devon Hotels, Ltd.* (1988), 55 Ohio App. 3d 268, 275, 563 N.E.2d 738, wherein the courts considered written documents such as employee handbooks, but also permitted and

considered promissory estoppel claims.

In the instant action, the employment agreement between the parties provided for an initial two-year term. The parties simply dispute whether or not that two years was a guaranteed two-year term or whether or not that two-year term was subject to a six-month notice of termination. Thus, on remand, the trier of fact must determine what the parties' intentions were as to this term of the contract, *i.e.,* (1) did the parties reach agreement as to the duration of appellant's employment; (2) if so, how long was that duration, and when did the six-month notice of termination provision take **[*15]** effect, and (3) if no agreement was reached, does the contract fail due to no meeting of the minds, and (4) if there is no meeting of the minds, and thus, no contract, does appellant recover on his promissory estoppel claim?

For purposes of this appeal, this court must determine if appellant has set forth sufficient evidence to withstand a motion for summary judgment on his promissory estoppel claim. See Civ.R. 56. <sup>HN11</sup>Promissory estoppel applies when a promise, which the employer should reasonably expect to induce action or forbearance on the part of the employee, does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise. See *Stroble, supra.* Whether the employer should have reasonably expected its representation to be relied upon by its employee and whether the expected action or forbearance actually resulted in and was detrimental to the employee, are ordinarily questions of fact for the jury. See *Stroble,* at 686.

In the instant action, appellant has set forth evidence to demonstrate that Mr. Ciolek represented to him that he would be guaranteed employment for two years. Appellant argues that this was critical to him because he **[*16]** wanted to be given some stability with a new job given the fact that he had just been laid-off from a prior position, due to a reorganization. Clearly, before appellant moved his whole family, sold his home and moved his belongings to Columbus, he wanted some assurance of job stability. Construing the evidence and facts in favor of appellant, reasonable minds could conclude that Mr. Ciolek made representations that appellant relied upon and that this reliance was detrimental to appellant. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Clearly the trier of fact would *not* have to conclude that Mr. Ciolek made these representations, nor would the trier of fact have to conclude that appellant was reasonable in relying on these alleged representations. Moreover, the trier of fact could conclude that appellant did not rely on these statements to his detriment, insofar as he had no other job opportunities when he took the job with appellee. Such credibility determinations are properly for the trier of fact. Because credibility determinations remain, we find that the trial court properly denied appellant's motion for summary judgment on his breach of contract and promissory estoppel claims.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*17]**

However, it should be noted that appellant did obtain another position on November 1, 1993. A review of the record demonstrates that he was paid by appellee up until October 21, 1993. Thus, it appears to be appellant's contention that he seeks to recover those monies due him from October 23 to November 1, 1993. Additionally, appellant seeks to recover the difference in wages between his new position at Highlights and his old position, which is approximately a $ 9,000 to $ 10,000/year difference. Given that we are reversing the trial court's award of summary judgment, in order for the trial court to determine the parties' intent for purposes of appellant's breach of contract and promissory estoppel claims, we find that it is also appropriate for the trial court to determine what damages, if any, appellant has sustained. For all of the above reasons, appellant's second assignment of error is sustained.

In appellant's third assignment of error, appellant argues that the trial court erred in granting summary judgment on his age discrimination claim. The trial court found that appellant had established a prima facie case of age discrimination pursuant to *Kohmescher v. Kroger Co.* **[*18]** (1991), 61 Ohio St. 3d 501, 575 N.E.2d 439. This court notes that the Supreme Court in *Kohmescher* was analyzing a claim pursuant to R.C. 4101.17, however, this test has also been applied to cases brought pursuant to R.C. 4112.02 as well. See this court's decision in *Jones v. BancOhio Natl. Bank* (Sept. 30, 1993), 1993 Ohio App. LEXIS 4740, Franklin App. No. 93AP-246, unreported (1993 Opinions 4205). *HN12* Once a plaintiff has established a prima facie case, the employer may overcome the prima facie case by propounding a legitimate nondiscriminatory reason for the discharge. Appellant must then present evidence showing that the rationale set forth by appellee was only a pretext for unlawful discrimination. *Id.*

In the instant action, the trial court found that appellant had failed to carry his burden of presenting sufficient evidence to create a genuine factual issue as to whether appellee's stated reason for discharge was merely a pretext for discrimination. We agree. A review of the record demonstrates no evidence to support appellant's contention that appellee's decision was anything other than a legitimate business decision. Appellant himself testified that comments were made, **[*19]** but that he never reported them to Mr. Ciolek or any human resource personnel. The evidence reveals that Mr. Ciolek terminated appellant's employment without knowledge of the age-oriented remarks. Moreover, appellant has conceded that he did not report those remarks to Mr. Ciolek and, further, Mr. Ciolek was the one who made the decision to discharge appellant. Accordingly, this court agrees with the trial court's conclusion that appellant has failed to demonstrate that appellee's legitimate business decision was a pretext for unlawful age discrimination. For that reason, appellant's third assignment of error is overruled.

Accordingly, appellant's first assignment of error is sustained in part and overruled in part. Appellant's second assignment of error is sustained, and appellant's third assignment of error is overruled. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed in part, sustained in part; remanded.

PETREE, J., concurs.

BOWMAN, P.J., concurs in part and dissents in part.

**CONCURBY:** BOWMAN (In Part)

**DISSENTBY:** BOWMAN (In Part)

**DISSENT:**
BOWMAN, P.J., concurring in part and dissenting **[*20]** in part.

I concur with the majority's disposition of the first and third assignments of error and would reverse the judgment of the trial court. As to the second assignment of error, I would find that the trial court did not err in granting summary judgment on appellant's promissory estoppel claim and, therefore, I would overrule the second assignment of error.

Generally, employment is presumed to be at-will unless other contractual provisions expressly or impliedly provide otherwise. *Henkel v. Educational Research Council* (1976), 45 Ohio St. 2d 249, 344 N.E.2d 118. In this case, appellant's written employment agreement provided for an initial term, the length of which must be decided on remand, and thus, as found by the majority, his employment cannot be considered at-will. As such, the exception

to the employment at-will doctrine espoused in *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 483 N.E.2d 150, is not applicable to this case. In *Mers*, the court held at paragraph three of the syllabus:

> "The doctrine of promissory estoppel is applicable and binding to oral *at-will employment agreements*. The test in such cases is whether the employer should **[*21]** have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."

(Emphasis added.)

While I agree with the majority that employment at-will contracts may be written as well as oral, I disagree with the majority's interpretation that the holding in *Mers*, as well as other language in *Mers*, would allow promissory estoppel in a case where there was an employment contract, oral or written, for a definite term and do not read *Mers* so broadly. In the area of employment contracts, the doctrine of promissory estoppel is applicable in at-will employment situations. See Justice Douglas' concurring opinion in *Mers*. As determined by the first assignment of error, this case does not involve an at-will employment agreement and the exception enunciated in the syllabus of *Mers* is inapplicable.

The majority relies on *Stroble v. Sir Speedy Printing Ctr.* (1990), 68 Ohio App. 3d 682, 589 N.E.2d 449, and *Pond v. Devon Hotels, Ltd.* (1988), 55 Ohio App. 3d 268, 563 N.E.2d 738, in support of its decision that promissory estoppel may be applied **[*22]** to an employment contract other than an at-will contract; however, both *Stroble* and *Pond* involve at-will employment situations. In both *Pond* and *Stroble*, the employees were attempting to use promissory estoppel to prove their contracts of employment were not at-will but for a definite term. Thus, *Pond* and *Stroble* are inapplicable to this case since, as determined by the resolution of the first assignment of error, a written contract of employment for a definite term exists.

Even though I would find that the doctrine of promissory estoppel is not applicable to this case, the evidence that appellant would generally be using to prove his promissory estoppel claim is admissible, but not to show promissory estoppel. Rather, the evidence would be admissible to support appellant's interpretation of the contract: that the contract was for a definite two-year term.

Accordingly, because appellant had an employment contract for definite duration, the length of which is to be determined on remand, promissory estoppel is not applicable to this case and I would overrule appellant's second assignment of error.

Service: **Get by LEXSEE®**
Citation: **1995 ohio app lexis 5405**
View: Full
Date/Time: Thursday, April 8, 2004 - 11:45 AM EDT

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.