## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **M&S ADVISORY GROUP, INC.** | : | **Case No. C-1-02-522** |
| **Plaintiff,** | : | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S** |
| **v.** | : | **MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIM** |
| **EYEMART EXPRESS, LTD.,** | : | |
| | | **Judge Spiegel** |
| **Defendant.** | : | **Magistrate Judge Hogan** |

### Introduction

Defendant EyeMart Express, Ltd. ("EyeMart") has moved this Court for leave to amend its counterclaim yet again.  This time, EyeMart seeks to allege fraud against M&S allegedly "based on facts newly discovered through the discovery process."  The gist of EyeMart's motion is that it has recently discovered that M&S attended the May 2002 International Council of Shopping Centers ("ICSC") convention in Las Vegas, Nevada with another of its clients, Crabtree & Evelyn, and, allegedly, had failed to arrange for meetings on behalf of EyeMart at that convention.  Likewise, EyeMart claims it recently discovered that M&S may not have pursued certain priority locations as requested by EyeMart.  Based on these "facts newly discovered", EyeMart seeks to amend its counterclaim yet again.

### EyeMart Has Failed to Satisfy the Procedural Requirements for Leave

EyeMart has failed to attach a copy of the proposed counterclaim with its motion.  EyeMart states that the amended counterclaim would include a claim for fraud but does not provide a draft counterclaim.  EyeMart similarly fails to disclose whether the amended pleading would alter or modify the claims already asserted.

Under Federal Civil Rule 15(a), "leave [to amend] shall be freely given when justice so requires."  As the Sixth Circuit has held, however, "implicit in [Rule 15(a)] is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment."  Roskam Baking Co. v. Lanham Machinery Co., 228 F.3d 895, 906 (6th Cir. 2002); see also Kostyu v. Ford Motor Co., No. 85 1207, 1986 WL 16190, at * (6th Cir. July 28, 1986) (district court did not abuse discretion by denying plaintiff leave to amend complaint because "[t]he plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make"); Nation v. United States Government, 512 F. Supp. 121, 124-25 (S.D. Ohio 1981) ("[T]here is substantial authority for the proposition that Civil Rules 7(b)(1) and 15(a) impliedly require submission of the proposed amended pleading with the motion to amend."); see generally Wright & Miller, 6 Fed. Prac. & Proc. Civ. 2d § 1485 (2004) (discussing proper procedure for obtaining leave to amend).  Here, by failing to attach a proposed amended counterclaim, EyeMart prevents this Court from exercising its informed discretion.

Furthermore, without seeing the proposed amended pleading, M&S is unable to assess the legal sufficiency of the unstated claims or the possible prejudice from the amended pleading.  Rule 15(a) focuses both on the sufficiency of the amended pleading and whether unfair prejudice results from the pleading.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (denial of leave is warranted when amendment would result in "undue prejudice to the opposing party, "or when amendment would be futile).  3 Moore's Federal Practice § 15.15 (2003); Wright & Miller, supra, § 1487.  By failing to attach the

proposed pleading, EyeMart interferes with M&S's ability to respond to its motion.

EyeMart's motion to amend fails to comply with controlling Sixth Circuit authority;

accordingly, this Court should deny the motion.

### EyeMart Has Failed to Satisfy the Substantive Requirements for Leave

More importantly, there is no basis to amend the counterclaim at this late

juncture.  For EyeMart to claim that there have been "facts newly discovered" regarding

the ICSC convention or M&S's efforts (or alleged lack thereof) is disingenuous at best.

These same allegations were made when EyeMart first belatedly determined to file a

counterclaim against M&S.  Counterclaim, ¶¶5,10.  Those allegations were also

repeated in the Amended Counterclaim which was filed in July of 2003.   Amended

Counterclaim, ¶¶6,10.  Moreover, these allegations were asserted and/or contested in

the depositions of Mr. Sherman, and all of the EyeMart representatives.

EyeMart's position throughout this lawsuit has been that it was entitled to

terminate the Consulting Agreement as it did because M&S had failed to arrange for

any meetings on its behalf at the ICSC Convention and had failed to pursue certain

priority locations.  Therefore, it is difficult to understand what facts were "newly

discovered" to necessitate this amendment at this late date.   If anything, the most recent

depositions referenced in the motion actually confirmed that, contrary to EyeMart's

claims, Mr. Sherman had arranged for several meetings with developers to discuss

EyeMart business.  Deposition of Lance Johnson filed separately and incorporated

herein by reference, p.12;  Deposition of Monica Smith filed separately and incorporated

herein by reference, p.13;  Deposition of Joseph Aristone filed separately and

incorporated herein by reference, p.9.

In addition, EyeMart's request is prejudicial given the procedural posture of the case. The deadlines imposed by this Court for discovery and dispositive motions have passed. The case schedule has been delayed once already as a result of EyeMart's amendment of its counterclaim. This Court should not countenance additional delays at this time when the "facts" relied upon for the request have been asserted by EyeMart from the outset. EyeMart's motion is an attempt to frustrate the pending motion for summary judgment on its claims. Such efforts should be seen for the desperate ploys that they are. M&S requests that the Court deny the motion for leave to amend.

/s/ Robert A. Pitcairn, Jr.
Robert A. Pitcairn, Jr. (0010293)
Trial Attorney for Plaintiff
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787
(513) 977-3477 – telephone
(513) 721-7120 – facsimile
rpitcairn@katzteller.com – e-mail

OF COUNSEL:

Wijdan Jreisat
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787
(513) 721-4532

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2004, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to Amend its Counterclaim with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael W. Hawkins and Jon B. Allison, Trial Attorneys for Defendant, Dinsmore & Shohl, 255 E. Fifth Street, Suite 1900, Cincinnati, Ohio 45202.

/s/ Robert A. Pitcairn, Jr.
Robert A. Pitcairn, Jr.

KTBH:601290.1