Michael W. Hawkins (0012707)<br>
Jon B. Allison (0073955)<br>
Attorneys for Defendant EyeMart Express, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| | : | |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | **EYEMART EXPRESS, LTD.'S REPLY** |
| EYEMART EXPRESS, LTD., | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **ITS MOTION FOR LEAVE TO** |
| Defendant. | : | **AMEND ITS AMENDED** |
| | : | **COUNTERCLAIM PURSUANT TO** |
| | : | **RULE 15 OF THE FEDERAL RULES** |
| | : | **OF CIVIL PROCEDURE** |

**I.   INTRODUCTION**

On March 26, 2004, EyeMart filed its Motion for Leave to Amend its Amended Counterclaim Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Memorandum in Support. M&S filed its Memorandum in Opposition to Defendant's Motion for Leave to Amend its Counterclaim on April 16, 2004. For the reasons set forth in EyeMart's Memorandum in Support as well as below, EyeMart's Motion for Leave to Amend its Amended Counterclaim should be granted in its entirety.

**II.   ARGUMENT**

Both M&S and EyeMart conducted depositions during the week immediately preceding the discovery cut-off date of February 25, 2004. During these depositions, EyeMart discovered facts that support a claim of fraud under Ohio law. M&S, in its Memorandum in Opposition, mischaracterizes the newly discovered evidence and then claims that no new evidence has been discovered.

M&S claims, at pages 1 and 3 of its Memorandum in Opposition, that the facts EyeMart asserts it has recently discovered are facts that, in reality, EyeMart has known about all along and asserted claims on, and that EyeMart, therefore, should not be permitted to amend its Amended Counterclaim. M&S asserts that EyeMart has claimed all along that Sherman did not set up meetings for EyeMart at the ICSC convention in Las Vegas in May of 2002 and that Sherman did not pursue certain locations for potential new EyeMart stores on behalf of EyeMart. The facts above, however, do not represent the newly discovered evidence as M&S would have this Court believe.

During the depositions of Crabtree & Evelyn representatives Robert Kelleher and Elizabeth Rice on February 18, 2004, EyeMart learned for the first time that Crabtree & Evelyn, Sherman's other client that attended the convention, had arranged with Sherman to spend the entire convention in meetings with Sherman for Crabtree & Evelyn. EyeMart further discovered that, for several years prior to 2002, representatives from Crabtree & Evelyn worked closely with Sherman each year to set the schedule for the annual ICSC convention in Las Vegas. In fact, the general practice was for Sherman to spend nearly the entire convention with representatives from Crabtree & Evelyn in meetings for Crabtree & Evelyn. Crabtree & Evelyn was not even aware that EyeMart would be attending the May 2002 convention.

Given these facts newly discovered as of February 18, it is clear to conclude that Sherman never intended to perform much, if any, service for EyeMart at the convention. This newly discovered evidence supports a claim for fraud under Ohio law.

M&S claims, in its Memorandum in Opposition at page 3, that there were meetings set up for EyeMart. This is not true. Rather, the evidence in this case demonstrates that, although Sherman may have been set to discuss EyeMart business with a total of three persons during the

entire three-day convention, with some of the discussions to take place in meetings for Crabtree & Evelyn, no meetings were set up for EyeMart representatives to attend.

During the deposition of Joe Aristone, contact person for the Paxton Towne Centre (one of the locations EyeMart repeatedly told Sherman to pursue via four written notices and orally), on February 24, 2004, EyeMart learned the extent to which Sherman had failed to take any action whatsoever to pursue certain priority locations EyeMart wanted to pursue for new stores. Despite having been made aware repeatedly orally and in writing that he was to pursue these locations, Sherman took no action for several months. It is clear to conclude that Sherman never intended to perform certain consulting services for EyeMart, including pursuing certain locations EyeMart wished to pursue.

Under Ohio law, the elements of fraud are: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. See Burr v. Board of County Commissioners of Stark County, 491 N.E.2d 1101, 1105 (Ohio 1986). The facts discovered by EyeMart in February of 2004 support a claim of fraud in this matter.

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint or counterclaim "shall be freely given when justice so requires." The Sixth Circuit has recognized that Rule 15(a) embodies a "liberal policy of permitting amendments to ensure the determination of claims on their merits." General Electric Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); See also Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir. 1987) ("the case law in this

circuit manifests 'liberality in allowing amendments to a complaint'"). In this case, granting leave to amend is appropriate so that the pleadings conform with the recently-discovered evidence.

M&S asserts at pages 1 and 2 of its Memorandum in Opposition that EyeMart was required to attach a proposed Second Amended Counterclaim to its Motion. The cases M&S cites don't support this proposition. Rather, in seeking leave to amend, a party should provide a "proposed amended [counterclaim]" **or** "**the substance of the proposed amendment**." <u>Roskam Baking Co. v. Lanham Machinery Co.</u>, 228 F.3d 895, 906 (6th Cir. 2002). EyeMart has provided the substance of the proposed amendment in its Memorandum in Support and in this Reply. However, EyeMart also attaches to this Reply its proposed Second Amended Counterclaim.

M&S disingenuously suggests, at page 4 of its Memorandum in Opposition, that extensions in this case have been sought due to EyeMart's actions when, in fact, extensions in this case have been agreed to by the parties. In addition, M&S states that "EyeMart's motion is an attempt to frustrate the pending motion for summary judgment on its claims." This Court should ignore M&S's posturing and consider EyeMart's Motion to Amend the Amended Counterclaim on its merits.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, as well as those in EyeMart's Memorandum in Support, EyeMart respectfully requests this Court issue an Order granting it leave to amend its Amended Counterclaim.

        Respectfully submitted,

        /s/ Michael W. Hawkins
        Michael W. Hawkins (0012707)
        Jon B. Allison (0073955)
        DINSMORE & SHOHL, LLP
        1900 Chemed Center
        255 East Fifth Street
        Cincinnati, Ohio  45202
        513/977-8200 (Phone)
        513/977-8141 (Fax)

        Trial Attorneys for Defendant,
        EyeMart Express, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Robert A. Pitcairn, Jr., Esq.
    Wijdan Jreisat, Esq.
    Katz, Teller, Brant & Hild
    255 East Fifth Street
    Suite 2400
    Cincinnati, Ohio 45202-4787

        /s/ Jon B. Allison
        Jon B.  Allison (0073955)

1010758v1