UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 MAY 11 AM 10: 09

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **DEFENDANT EYEMART** |
| EYEMART EXPRESS, LTD., | : | **EXPRESS LTD.'S REPLY** |
| | : | **MEMORANDUM IN SUPPORT OF** |
| Defendant. | : | **ITS MOTION TO MOVE THE** |
| | : | **TRIAL** |

## INTRODUCTION

Defendant EyeMart Express, Ltd. ("EyeMart"), through its lead trial counsel, Michael Hawkins, filed its Motion to Move the Trial Date-Now Scheduled to Begin on September 7, 2004 and Memorandum in Support ("EyeMart's Memorandum") on April 15, 2004. Plaintiff M&S Advisory Group, Inc. ("M&S") filed its Memorandum in Opposition to Defendant's Motion to Continue the Trial ("M&S's Opposition") on May 4, 2004. For the reasons set forth in EyeMart's Memorandum in Support as well as below, Mr. Hawkins respectfully requests that this Court grant EyeMart's Motion to Move the Trial. Mr. Hawkins remains free to try this matter, at the Court's convenience, during the week of November 1st, 15th, 22nd or 29th, 2004, or another date mutually acceptable to the parties.

## ARGUMENT

M&S, in its Opposition, objects to a continuation of the trial date and states that such a continuance would be prejudicial to M&S. (M&S's Opposition at 1). M&S, however, does not state how a continuance would be prejudicial. M&S also does not state that it is unavailable for trial on any of the dates proposed by counsel for EyeMart. Rather, M&S appears to be concerned that this Court will be unable to schedule trial in November due to the short continuance sought by counsel for Eyemart. However, given that M&S apparently is available

for trial in November, if this Court can schedule the trial of this case for November, 2004, M&S would not be prejudiced by a continuation of the trial date as suggested.

M&S characterizes counsel for EyeMart's request for a continuance of the trial date as EyeMart's "latest attempt to delay the ultimate decision in this matter," and goes on to assert that "there has been a pattern of action by Eyemart to delay the trial of this action." (M&S's Opposition at 2). This is an unfair and inaccurate characterization of EyeMart's defense of this case. Moreover, it is an inappropriate allegation in response to counsel for EyeMart's request for continuation based on his own community service, professional and personal conflicts with the trial date as currently scheduled.

M&S asserts that, after this lawsuit was filed on June 13, 2002, Eyemart took the position that this Court was without jurisdiction to hear the matter, thereby delaying this case for seven months. (M&S's Opposition at 2). EyeMart is certainly entitled to raise jurisdictional issues in defending a lawsuit against it. In any event, current counsel for Eyemart was not involved in that process and only became involved in this case in February of 2003, just over one year ago.

M&S, in its Opposition, states that the amendment of EyeMart's Counterclaim against M&S necessitated a continuance of the original trial date. (M&S's Opposition at 2). That is not the case. Rather, both parties agreed that the dates in this case, including the trial date, should be continued. In fact, counsel for M&S has not, since the amendment, conducted discovery relative to the new factual assertions in EyeMart's Amended Counterclaim. In short, there simply has been no pattern of delay by EyeMart's counsel. Rather, EyeMart has actively participated in this case and the trial date in this case has been moved only once.

The Introductory Statement on Civility in the Local Civil Rules for the Southern District of Ohio speaks of common courtesy in litigation, including "respect for other's time and schedule, and an attitude of cooperation." (Introductory Statement on Civility at Paragraph 1. Common Courtesy). It would be consistent with the Local Rules regarding common courtesy to

2

grant EyeMart's Motion, in light of counsel for EyeMart's community service, professional and personal schedule, and continue the trial date. Mr. Hawkins remains free to try this matter, at the Court's convenience, during the week of November 1st, 15th, 22nd or 29th, 2004, or another date mutually acceptable to the parties, and M&S has not indicated it would be unavailable on those dates.

## CONCLUSION

For all of the foregoing reasons as well as those set forth in EyeMart's Memorandum in Support, Mr. Hawkins respectfully requests the trial in the matter be moved to a date in November, 2004 of the Court's selection.

Respectfully submitted,

*/s/ Michael W. Hawkins*
Michael W. Hawkins (0012707)
DINSMORE & SHOHL, LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8270
Fax: (513) 977-8141

Trial Attorney for Defendant
EyeMart Express, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the United States District Court for the Southern District of Ohio this 11th day of May 2004. Service upon Plaintiff shall be via the Court's electronic mail system.

*/s/ Michael W. Hawkins*
Michael W. Hawkins (0012707)

1015253_1.DOC

3