Michael W. Hawkins (0012707)<br>
Jon B. Allison (0073955)<br>
Attorneys for Defendant EyeMart Express, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| M&S ADVISORY GROUP, INC., | : | Case No. C-1-02-522 |
| | : | |
| Plaintiff, | : | Judge Spiegel |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **MOTION TO REVIEW/OBJECTIONS** |
| EYEMART EXPRESS, Ltd., | : | **TO THE REPORT AND** |
| | : | **RECOMMENDATION OF THE** |
| Defendant. | : | **MAGISTRATE JUDGE** |

In response to the Report and Recommendation of the Magistrate Judge on Defendant's Motion to Compel and Motion for Sanctions (copy attached as Exhibit A), Defendant, EyeMart Express, Ltd. ("EyeMart") hereby respectfully files its Motion to Review/Objections to the Report and Recommendation of the Magistrate Judge. EyeMart does not object to the Magistrate Judge's conclusions with regard to EyeMart's Motion to Compel, as it does appear that Plaintiff M&S Advisory Group, Inc. ("M&S") has, in fact, destroyed the documents at issue. The Court should, however, overrule the Magistrate Judge's Report and Recommendation with regard to EyeMart's Motion for Sanctions as EyeMart has demonstrated it is entitled to an Order of a jury instruction that an adverse inference is created by M&S's failure to produce in discovery notes/lists/worksheets that Martin Sherman (the sole owner and loan consultant of M&S) claimed he possessed in his deposition (the inference being that those notes/lists/worksheets would be damaging to M&S) and that Plaintiff should pay Defendant EyeMart Express, Ltd. its reasonable expenses, including costs and attorney's fees, incurred in obtaining said Order.

## MEMORANDUM IN SUPPORT

I.     ARGUMENT.

    A.     **The Magistrate Judge's Finding That Sherman's Destruction Of Evidence Was Not Willfull Is Erroneous.**

The Magistrate Judge found that EyeMart could not make out a claim for spoliation of evidence based on Martin Sherman's destruction of notes/lists/worksheets of work Sherman was allegedly performing for each of his clients, including EyeMart. The Magistrate Judge concluded Sherman's destruction of documents was not done willfully to disrupt EyeMart's case. (Report and Recommendation at 4). EyeMart asserted its claim of spoliation because Sherman admitted, in his deposition, that he possessed the documents at issue as of the date of his deposition, but then failed to produce them pursuant to follow-up discovery requests. Sherman now claims he went back to his office following the deposition and discovered he had discarded the documents at some earlier time. The elements of a spoliation of evidence claim are: (1) pending or probable litigation involving the defendant; (2) knowledge on the part of the plaintiff that litigation exists or is probable; (3) willful destruction of evidence by the plaintiff; (4) disruption of the defendant's case; and (5) damages proximately caused by the plaintiff's acts. *See* Smith v. Howard Johnson Co., Inc., 615 N.E.2d 1037, 1038 (Ohio 1994).

The Magistrate Judge found, "if a plaintiff was truly trying to conceal information from a defendant, so as to disrupt the defendant's defense of the case, why would a plaintiff ever admit under oath and on the record to possessing documents containing such damaging information in the first place? It seems that if a party was deliberately trying to conceal evidence, it would never admit to having such evidence in its possession." (Report and Recommendation at 4). The Magistrate Judge, therefore, concluded there was a lack of intent to conceal information and that

such a lack of intent suggested Sherman did not willfully destroy the documents. (Report and Recommendation at 4).

However, the Magistrate Judge fails to consider the possibility that Sherman, after admitting he possessed the documents at issue in his deposition, returned to his office to review the documents, discovered the documents contained information which he did not want to share with EyeMart, and then decided to destroy the documents. Contrary to the Magistrate Judge's opinion, it is unlikely that a deponent would testify so confidently as to his possession of documents and the location of those documents when the deponent, in fact, did not possess those documents or had previously destroyed them. If Sherman did return to his office and destroy documents following his deposition, the destruction of the documents was willful and supports EyeMart's spoliation of evidence claim.

### B. The Magistrate Judge's Finding That There Is No Evidence That Sherman Destroyed The Documents When Litigation Was Pending Or Probable Is Erroneous.

Because the Magistrate Judge assumed Sherman would not have admitted to possessing documents in his deposition which he later destroyed, the Magistrate Judge also assumed that Sherman made a mistake during his deposition in claiming he possessed the documents and then treated Sherman's deposition testimony as if it was not viable evidence. (Report and Recommendation at 4). The Magistrate Judge then found that, other than Sherman's apparently mistaken testimony, "there is no evidence which proves that Plaintiff destroyed the 'lists' at a time when he knew that litigation was pending or probable." (Report and Recommendation at 4).

EyeMart considers Sherman's deposition testimony to be viable record evidence that Sherman, in fact, did possess the documents in question when he knew that litigation was pending and even as late as the date of his deposition. Sherman testified as follows:

Q: Do you have any kind of calendaring system that you use to do that?

A: To do what, sir?

Q: To do the follow-up.

A: No. The follow-up -- I would have a list on my desk which would say, "I am working on the following things." Okay? "I called Jonathan at such and such a day, talked about a location. I was supposed to get a letter of intent, and I haven't gotten it, and now it is a week later." I am going to follow-up on that.

Q: And did you have such a list for EyeMart?

A: I have a list for everybody like that. Sure.

Q: Do you keep those lists?

A: Yeah. You will call -- yeah, I have got them all. Do you want the -- they are all on tablets.

Q: Where are they?

A: In my office.

(Sherman Deposition at 54-57).

There is additional evidence to support EyeMart's position. The Consulting Agreement between the parties was terminated on May 23, 2002 due to Sherman's lack of performance. (Amended Counterclaim Paragraph 4). Counsel for M&S sent a letter threatening litigation just over one week later. (Exhibit A to EyeMart's Memorandum). M&S then filed its Complaint on June 13, 2002, approximately three weeks after the termination of the Agreement. Counsel for M&S has informed counsel for EyeMart, in response to a follow-up request for the specific documents Sherman claimed he possessed in his deposition, that Sherman "keeps those notes

4

back for the last few months or so," but no longer had them. (Exhibit H to EyeMart's Memorandum in Support). Given that M&S threatened litigation just over one week after EyeMart terminated the Agreement, and given that M&S brought its lawsuit against EyeMart just three weeks after the termination of the Agreement, M&S would still have possessed the documents for "the last few months," when it threatened and brought this lawsuit against EyeMart. Contrary to the Magistrate Judge's findings, there is ample record evidence that the documents EyeMart has sought in discovery existed, that they existed on the dates M&S contemplated and brought its lawsuit against EyeMart, and even on the date of Sherman's deposition. This evidence supports EyeMart's claim of spoliation of evidence.

The Magistrate Judge also found that, other than Plaintiff's apparently mistaken testimony, there is no evidence that "the lists even pertained to the Plaintiff's work for the Defendant." (Report and Recommendation at 4). Again, EyeMart considers Sherman's testimony viable evidence that he allegedly did, in fact, possess such lists for each of his clients, including EyeMart. However, there is additional evidence that these lists did pertain to Sherman's work for EyeMart. Subsequent to Sherman's deposition, on July 1, 2003, EyeMart served on M&S its Second Set of Interrogatories directed to Plaintiff, M&S Advisory Group, Inc. (Exhibit C to EyeMart's Memorandum). On August 15, 2003, M&S sent to EyeMart its responses to Defendant's Second Set of Interrogatories. (Exhibit E to EyeMart's Memorandum). In response to Interrogatory No. 3, which asks M&S to "identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what he was performing for Defendant during the year 2002," M&S responded that Sherman "kept daily notes of contacts made or things to do." (Exhibit E to EyeMart's Memorandum). Thus, not only did Sherman admit in his

5

deposition to possessing such documents, he admitted via responses to written interrogatories subsequent to his deposition that he possessed such documents.[1]

Sherman knew that these documents were relevant to this lawsuit because EyeMart terminated the Agreement due to M&S's failure to perform under the Agreement. The law is well settled that parties have a duty to preserve evidence they know or should know is relevant to pending, imminent or reasonably foreseeable litigation. *See* Shamis v. Ambassador Factors Corporation, 34 F.Supp2d 879, 888-889 (S.D.N.Y. 1999); Shaffer v. RWP Group, 169 F.R.D. 19, 24 (E.D.N.Y. 1996). Sherman has not provided an adequate explanation for failing to produce these documents.

In Keen v. Hardin Memorial Hosp., 2003 Ohio App. Lexis 6076 (Dec. 15, 2003) (attached to M&S's Memorandum), the court recognized:

> sanctions and causes of action for spoliation of evidence are designed to place responsibility and accountability on parties who were actually in possession of evidence that existed at one time but who later do not provide this evidence and do not provide an adequate explanation for failing to do so.

Id. at *4 *citing* Hubbard v. Cleveland, Columbus, & Cincinnati Hwy., Inc., 76 N.E. 2d 721 (Ohio App. 1947); *see also*, The Cleveland Concession Co. v. City of Cleveland, 83 N.E. 2d 818 (Ohio App. 1948). Courts have consistently held that, to the extent there were relevant documents that were destroyed and cannot or are not produced in discovery, juries are to infer from the unavailability of these documents that they would have been unfavorable to the party who destroyed them. *See, e.g.,* Travelers Insurance Co. v. Dayton Power and Light Co., 663 N.E.2d 1383 (Ohio Cm. Pl. 1996); Shamis v. Ambassador Factors Corporation, 34 F.Supp2d 879

---

[1] Another assumption could be that Sherman never did the work he claims he did for EyeMart. Sherman used his deposition testimony to support his claim that he did the work, but now can't locate his documentation of that work. Now Sherman wants to argue that the lack of or his destruction of these important documents should create no adverse inference.

6

(S.D.N.Y. 1999); Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148 (1st Cir. 1996); Donato v. Fitzgibbons, 172 F.R.D. 75; Shaffer v. RWP Group, 169 F.R.D. 19 (E.D.N.Y. 1996).

### C. The Magistrate Judge's Finding That EyeMart Has Not Been Damaged Is Erroneous.

The Magistrate Judge also found that EyeMart has not asserted that it suffered any specific damages which were proximately caused by Plaintiff's alleged acts. (Report and Recommendation at 4). It is impossible for EyeMart to know the extent to which its defense of the claims against it or its pursuit of its counterclaims against Plaintiff have been disrupted due to Sherman's destruction of evidence. EyeMart has asserted counterclaims of promissory estoppel and breach of contract against M&S Advisory Group, Inc. As part of these claims, EyeMart must prove that Sherman failed to perform as promised and as agreed. The documents Sherman destroyed allegedly demonstrate work he was performing for EyeMart. The inability of EyeMart to view these documents due to the destruction of them clearly disrupts EyeMart's case.

## II. CONCLUSION.

For the foregoing reasons, Defendant EyeMart Express, Ltd. respectfully requests that the Court overrule the Magistrate Judge's Report and Recommendation with regard to Defendant EyeMart Express, Ltd.'s Motion for Sanctions.

Respectfully submitted,

/s/Michael W. Hawkins
Michael W. Hawkins (0012707)
Jon B. Allison (0073955)
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, Ohio  45202
513/977-8200 (Phone)
513/977-8141 (Fax)
Trial Attorneys for Defendant,
EyeMart Express, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert A. Pitcairn, Jr., Esq.
Wijdan Jreisat, Esq.
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202-4787

/s/Michael W. Hawkins
Michael W. Hawkins

#1019115.1