UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

M & S Advisory Group, Inc.,
Plaintiff

vs

Eyemart Express, Ltd.,
Defendant

Case No. C-1-02-522
(Spiegel, J.; Hogan, M. J.)

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's motion to compel discovery and motion for sanctions, (Doc. 46); Plaintiff's memorandum in opposition, (Doc. 51); and Defendant's reply brief. (Doc. 53).

Defendant seeks an order compelling Plaintiff to provide complete responses to Defendant's Second Request for Production of Documents directed to Plaintiff. Defendant also seeks an order of appropriate sanctions as provided under Fed. R. Civ. P. 37, and consistent with the powers of the Court, including a jury instruction on spoliation of evidence and attorneys' fees for preparing the motion at hand. (Def.'s motion to compel and motion for sanctions, p. 1).

### FACTS AND PROCEDURAL POSTURE

EyeMart Express, Ltd. is in the retail optical eyewear business and maintains approximately sixty-five stores across the country. In late 2001 and early 2002, Eyemart considered retaining a consultant to assist it in growing the company by adding store locations across the country. EyeMart interviewed Martin Sherman, the founder, sole owner and lone consultant of Plaintiff M&S Advisory Group, Inc., and entered into a consulting agreement on February 1, 2002 with M&S, under which Sherman was to provide consulting services to EyeMart. The agreement was terminated by EyeMart on May 23, 2002, allegedly due to Sherman's lack of performance. This case then arose from the termination of the agreement. (Def.'s Mem. in Support of Motion to Compel and Motion for Sanctions, p. 1).

On June 9, 2003, counsel for EyeMart deposed Martin Sherman. Defendant contends that in his deposition, Sherman testified that he kept lists on tablets of the work he was performing for clients, including Eyemart, and that those lists were in his office as of the day of the deposition. Sherman agreed to produce those lists pursuant to written discovery requests. (Def.'s Mem. in Supp.

of Mot. to Compel and Mot. for Sanctions, p. 2).

On July 1, 2003, EyeMart served on M&S its Second Set of Interrogatories Directed to Plaintiff M&S Advisory Group, Inc. as well as its Second Request for Production of Documents Directed to Plaintiff M&S Advisory Group, Inc. In response to Interrogatory No. 3, which asked M&S to "identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what he was performing for Defendant during the year 2002," M&S responded that Sherman "kept daily notes of contacts made or things to do." In response to Interrogatory No. 4, which asked M&S to "identify and describe any activities Plaintiff engaged in for the purpose of keeping track of what he was performing for clients other than Defendant during the year 2002," M&S responded that Sherman "kept daily notes of contacts made or things to do." In response to Document Request No. 4, which asked M&S to produce "'all lists' and/or 'worksheets' referenced on pages 54-57 of Plaintiff's deposition transcript, including 'lists' for Defendant and 'lists' for other of Plaintiff's clients as Plaintiff stated he possessed on page 55 of his deposition transcript," M&S responded that it "has not located any such lists or worksheets from the time period during which M&S performed services for Defendant." (Def.'s Mem. in Supp. of Mot. to Compel and Mot. for Sanctions, pp. 2-3).

Defendant then filed the present motion to compel and motion for sanctions. In Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel and Motion for Sanctions, Plaintiff states that it cannot produce the "lists" because upon returning to his office after the deposition, Sherman discovered that his "lists" had been discarded and could not be found. Plaintiff asserts that Defendant has mischaracterized the alleged documents as "lists," when in fact they were nothing more than scribbled notes. Since the "lists" were discarded, they no longer exist, and Plaintiff contends that they therefore cannot be produced. (Pltf.'s Mem. in Opp., pp. 1-2).

Regarding Defendant's request for a jury instruction on spoliation of evidence, Plaintiff states that the "lists" Defendant seeks "were nothing more than a name and an accompanying phone number." (Pltf.'s Mem. in Opp., p. 4 (citing Sherman Affidavit, ¶5)). Plaintiff contends it is quite clear from Mr. Sherman's deposition testimony that Defendant's characterization of these "lists" as being something more than scribbled notes is self-conjured. Plaintiff asserts there is no direct evidence that information relating to EyeMart was even on the "lists," or that the "lists," if they existed, were still in existence at the time of the breach. Plaintiff contends Defendant has not offered any evidence to prove that Plaintiff willfully destroyed the evidence, there was a disruption of the Defendant's case, or there were any damages proximately caused by the Plaintiff's acts, which are elements required to establish a claim of spoliation.

Regarding Defendant's request for a fee award or sanctions, Plaintiff asserts that Rule 37 of the Federal Rules of Civil Procedure only permits an award of fees if disclosure is ordered, and since there is nothing to disclose in this case, disclosure cannot be ordered. (Pltf.'s Mem. in Opp., p. 6). Additionally, Plaintiff contends that a court should not order payment if the opposing party's nondisclosure, response, or objection was substantially justified. (Pltf.'s Mem. in Opp., p. 7 (citing Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes to 1970 Amendments)).

Defendant argues in its Reply Memorandum that Plaintiff was actually the party who first characterized his notes as "lists" in his deposition, not the Defendant. Additionally, Defendant again contends that Plaintiff apparently destroyed the documents because he stated in his deposition that he had them, but he has never produced them in response to Defendant's Second Request for Production of Documents, and Plaintiff now states that the documents must have been thrown away. Therefore, Defendant asserts that its motion to compel and motion for sanctions should be granted.

## ANALYSIS

### A.    MOTION TO COMPEL

Since it appears the Plaintiff no longer has the documents at issue in his possession, if the Court should decide to grant Defendant's motion to compel, there would be no documents to produce. Therefore, the Court should DENY Defendant's motion to compel, because to grant it would be pointless.

### B.    MOTION FOR SANCTIONS

In Ohio, the elements of a claim for destruction, or "spoliation," of evidence are: (1) pending or probable litigation, (2) knowledge on the part of plaintiff that litigation exists or is probable, (3) willful destruction of evidence by plaintiff designed to disrupt the defendant's defense of the case, (4) disruption of the defendant's case, and (5) damages proximately caused by the plaintiff's acts. *See Smith v. Howard Johnson Co., Inc.*, 615 N.E.2d 1037, 1038 (Ohio 1993).

"At common law, it was proper to presume that evidence which had been destroyed, or 'spoliated,' could be construed against the party responsible for the destruction of that evidence. Typically, this principle is applied in cases involving the destruction of documents." *Sullivan v. General Motors Corp.*, 772 F.Supp. 358, 360 (N.D. Ohio 1991). Additionally, "[w]here the destruction of documents has been intentional and for the purpose of depriving the opposing party of evidence, the utmost inference logically possible should favor the party aggrieved, and . . . the contents of such documents destroyed should be presumed to be what the party aggrieved so alleges them." *Sullivan*, 772 F.Supp. at 360 (citations omitted).

In the present case, Defendant contends that Plaintiff willfully destroyed evidence which Plaintiff knew would be pertinent to the pending or probable litigation in this case. Defendant asserts as evidence that Plaintiff willfully destroyed such documents the fact that Plaintiff stated in his deposition that he kept certain "lists," and that he had such "lists" in his office at the time of the deposition, which he was willing to produce to Defendant upon the submission of written document requests for the same.

However, it seems counterintuitive for a party to admit in deposition that they have certain documents, and that they are willing to produce them pursuant to written document requests, only to later decide to destroy the documents rather than produce them to the opposing party. In other

words, if a plaintiff was truly trying to conceal information from a defendant, so as to disrupt the defendant's defense of the case, why would the plaintiff ever admit under oath and on the record to possessing documents containing such damaging information in the first place? It seems that if a party was deliberately trying to conceal evidence, it would never admit to having such evidence in its possession. This lack of intent to conceal information is relevant to the issue of whether the evidence was willfully destroyed so as to disrupt defendant's defense of the case. Without the intent to conceal, the destruction of the evidence cannot be "willful," for the purpose of establishing a claim of spoliation of evidence.

Additionally, as Plaintiff asserts, with the exception of the Plaintiff's apparently mistaken belief that he still possessed the documents at the time of his deposition, there is no evidence which proves that Plaintiff destroyed the "lists" at a time when he knew that litigation was pending or probable, or that the "lists" even pertained to the Plaintiff's work for the Defendant. Furthermore, Defendant has not asserted that it suffered any specific damages which were proximately caused by Plaintiff's alleged acts.

Therefore, since it does not appear that the destruction of the "lists" was willful, that it occurred when Plaintiff knew litigation was pending or probable, or that the "lists" pertained to the Defendant, and since the Defendant cannot prove any damages which were proximately caused by Plaintiff's alleged acts, the Court should find that the Plaintiff is not liable for spoliation of evidence.

Furthermore, if the Court finds that the Plaintiff is not liable for spoliation of evidence, the Court should DENY Defendant's motion for sanctions, which included requests for a jury instruction on spoliation of evidence and attorneys' fees for preparing the motions at hand.

THEREFORE, IT IS RECOMMENDED THAT: (1) Defendant's motion to compel be DENIED; and (2) Defendant's motion for sanctions, including a jury instruction on spoliation of evidence and attorneys' fees for preparing these motions be DENIED.

5/14/04
Date

Timothy S. Hogan
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

M & S Advisory Group, Inc.,
   Plaintiff

vs                                        Case No. C-1-02-522
                                           (Spiegel, J.; Hogan, M. J.)

Eyemart Express, Ltd.,
   Defendant

## NOTICE

      Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on May 14, 2004. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).
      In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

5