IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **M&S ADVISORY GROUP, INC.** | : | Case No. C-1-02-522 |
| Plaintiff, | : | **MEMORANDUM IN OPPOSITION TO MOTION TO REVIEW/** |
| v. | : | **OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE** |
| **EYEMART EXPRESS, LTD.** | : | **MAGISTRATE JUDGE** |
| | | **Judge Spiegel** |
| Defendant. | : | **Magistrate Judge Hogan** |

      Defendant, EyeMart Express, Ltd. ("EyeMart") filed a Motion to Compel seeking to compel production of certain "lists" that it believed existed at the time of its deposition of M&S Advisory Group, Inc.'s ("M&S") principal, Martin Sherman ("Mr. Sherman"). After the parties fully briefed the issue, Magistrate Hogan issued a well founded and well reasoned report and recommendation denying the motion to compel and the request for sanctions. EyeMart acknowledges the appropriateness of the Magistrate's recommendation to deny the motion to compel but objects to the decision to deny sanctions. As the following memorandum will demonstrate, the Magistrate's Recommendations should be adopted by this Court in all respects.

      The Magistrate properly found that EyeMart failed to carry its burden of proving all the necessary elements of a claim of spoliation. Such a claim requires a showing of (1) pending or probable litigation, (2) knowledge on the part of plaintiff that litigation exists or is probable, (3) willful destruction of evidence by plaintiff designed to disrupt the defendant's defense of the case, (4) disruption of the defendant's case, and (5) damages proximately caused by the plaintiff's acts. Magistrate's Report, p. 3 citing

<u>Smith v. Howard Johnson Co., Inc.</u>, 615 N.E.2d 1037, 1038 (Ohio 1994).

**There Was No Evidence of the Existence or the Willful Destruction of Alleged "Evidence" in an Effort to Disrupt Defendant's Case under the Cloud of Litigation**

EyeMart takes issue with the Magistrate's determination that it failed to make showing of the necessary elements of claim of spoliation. In its motion to review and objection, EyeMart asserts that the deposition of M&S's principal, Martin Sherman, is dispositive of the issues relating to the first three elements. The entire basis for M&S's motion was the response of Mr. Sherman to the following questions at his deposition:

> Q: Do you have any calendaring system that you use to do that?
>
> A: To do what, sir?
>
> Q: To do follow-up.
>
> A: No. The follow-up – I would have a list on my desk which would say, "I am working on the following things." Okay? "I called Jonathan at such and such a day, talked about a location. I was supposed to get a letter of intent, and I haven't gotten it, and now it is a week later." I am going to follow up on that.
>
> …
>
> Q: And this is the list you would create?
>
> A: I would create it along with my client.

Deposition of Martin Sherman, filed separately and incorporated herein by reference ("Sherman Deposition"), p. 54-55. As he explained during the deposition, these "lists" were nothing more than contemporaneous notes used in lieu of a calendaring system.

The evidence before the Magistrate demonstrated that reference in the deposition was insufficient to establish the evidence allegedly spoliated, the existence of

it or the willful spoliation of it.  As the Magistrate properly noted, it is counterintuitive that Mr. Sherman would truthfully testify regarding such information only to destroy it with knowledge that it was now specifically requested by the opposing party.  Magistrate's Report, pp. 3-4.  This is a recognition that the deposition testimony referenced was more likely a mischaracterization or miscommunication rather than support for the existence of specific "evidence".  In fact, Mr. Sherman's testimony during that same deposition demonstrated his confusion as to EyeMart's characterization of his scribbled notes as "lists":

> Q:   And did you produce this EyeMart list to your attorneys?
>
> A:   What list are you talking about, sir?
>
> Q:   The list you said you would keep on your desk of what you were working on for EyeMart.
>
> A:   It would be a day-to-day thing.  I mean, I'm not so sure other than – geez, I have got tablets like that.  That is my list.  I mean, I don't have a sophisticated list.  I have a list, a worksheet that I work with every day of people that I know I have work in process.

Sherman Deposition, p. 56;  Sherman Affidavit, ¶ 4.

As the evidence before the Magistrate clarified, Mr. Sherman would retrieve messages from his answering machine and write down the name and number of the person to call.  Likewise, during a phone conversation, he might note the name and number of a person to return a call.  These types of notes were generally kept on a paper tablet until it was used up or the calls listed were returned.  Affidavit of Martin Sherman in Opposition to Motion to Compel ("Sherman Affidavit"), ¶1 previously filed with the Court.   They were nothing more than a name and an accompanying phone number.  Sherman Affidavit, ¶5.

Mr. Sherman confirmed as much in his deposition. Sherman Deposition, pp. 78-79. ("they usually come on little slips of paper that you throw away, I guess. Little telephone - - . . . The purpose of them only is to say, you know, Jonathan called, you know, at 3:30 in the afternoon. Call him back.").

The only "evidence" that these alleged "lists" existed at the time of Mr. Sherman's deposition or at any time that litigation was pending or probable is his mistaken belief to that effect. He subsequently realized his mistake and advised counsel of that fact. Exhibits E and F to the Motion to Compel. EyeMart makes much of the fact that M&S was prompt in pursuing its valid claim for breach of contract shortly after EyeMart improperly terminated the agreement between the parties. The short time frame involved does not prove that the evidence existed when litigation was pending or probable, however. In fact, the evidence before the court is that the notes referenced may have been "destroyed" (i.e. thrown away) the same day when created or soon thereafter. There is no evidence that the "lists", if they existed, were still in existence at the time of the breach or at the time litigation was contemplated much less probable or pending.

In addition, there is no evidence that information relating to EyeMart was even on these "lists". By Mr. Sherman's own testimony, the information may only have been a note to call a particular person. Sherman Deposition, p. 55. Mr. Sherman did not keep any substantive notes on these "lists". Sherman Affidavit, ¶2. Likewise, even assuming the "lists" existed and were thrown away, there is no evidence that this was to willfully destroy them. There is no evidence that Mr. Sherman or any agent of M&S destroyed any such "lists" post-

deposition. Sherman Affidavit, ¶8. Rather, the only evidence is that it would have been part of the ordinary course for such jotted notes to be discarded once their purpose was fulfilled. Sherman Deposition, p. 78. Using EyeMart's reasoning, a person would be spoliating evidence when throwing away the message slips and Post-It notes upon which we all jot down a reminder to call or a phone number. Presumably, a person who spends the majority of his or her time on the phone may have a wastebasket full of such "spoliated evidence" on any given day.

### There was no Disruption or Damage to Defendant's Case

Assuming, arguendo, the existence of the information and its relevance to the case, EyeMart cannot establish that anything in the evidence sought disrupted its case or caused any damage to it. Certainly, M&S has produced multiple files relating to the contracts and negotiations it conducted on behalf of EyeMart and provided additional notes regarding these discussions orally at the time of the work being done and in a memorandum upon termination of the Agreement. See, Sherman Deposition pp. 124-125, 128-129, 157, Exhibit 15. To the extent that EyeMart seeks to demonstrate the work (or lack thereof) by M&S on its behalf, it could have deposed any of the multitude of witnesses designated by M&S as having knowledge. In fact, it is difficult to understand the possible relevance of a note stating a person's name and phone number. Arguably, such a note could be evidence of contact with that person but the lack of such a note does not mean that no such contact was made.

As with its original motion for sanctions, EyeMart again gives short shrift to the issue of the alleged damages suffered in its motion to review. According to EyeMart, it

is precluded from demonstrating that harm because of the alleged destruction of the evidence.  That is an exercise in circular thinking, however.  That argument can apply to any claim of destruction or spoliation of evidence.  Yet, courts have required such a showing to establish such a claim.  The evidence before the Magistrate was that, at best, the evidence allegedly destroyed was a compilation of meaningless scraps – the sorts of jotted notes that are referenced and thrown away by each of us every given day.  There is no evidence that there is any more to it.  That is the reason that EyeMart cannot demonstrate harm to it.

In fact, but for the stray remarks in Mr. Sherman's deposition, there would be nothing to discuss.  In a similar context, an Ohio court of appeals has agreed that sanctions are unwarranted where there was no substantial evidence of spoliation other than a comment during a deposition:

> Non-existent evidence, by its very nature, cannot be spoiled.  Rather, sanctions and causes of action for spoliation of evidence are designed to place responsibility and accountability on parties who were actually in possession of evidence that existed at one time but who later do not provide this evidence and do not provide an adequate explanation for failing to do so.

<u>Keen v. Hardin Memorial Hospital</u>, No. 6-03-08, 2003 Ohio App. Lexis 6076, \*\*11-12 (December 15, 2003)(citations omitted) (copy attached to Memorandum in Opposition to Motion to Compel).  In that case, the court upheld the trial court's refusal to issue a jury instruction as sought by EyeMart where no evidence was provided that the evidence existence of that the opposing party was guilty of any wrongdoing or misconduct by intentionally disposing of it.  Similarly, in this case, the only "evidence" of the existence of these "lists", as they have been characterized by EyeMart, are the vague references in Mr. Sherman's deposition.  As the Magistrate determined, no malfeasance can be

shown.  Therefore, any negative inference sought is unwarranted and prejudicial.

### The Request for Expenses was Properly Denied

The Magistrate recommended that the Court deny the request for expenses related to the motion.  EyeMart has acknowledged that the denial of its motion to compel was proper.  Even if EyeMart prevailed on its motion, it would not be entitled to such expenses.  EyeMart based its request on Rule 37 of the Federal Rules of Civil Procedure.  The rule only applies to failure to produce or unfounded objections.  Therefore, fees are only to be awarded if disclosure is ordered.  As the Magistrate denied that request and EyeMart has acquiesced, there is not basis for such an award.

### Conclusion

For all the foregoing reasons, Plaintiff M&S Advisory Group, Inc. respectfully requests that this Court deny Motion to Review/Objections to the Report and Recommendation of the Magistrate Judge and adopt the Magistrate's Report and Recommendation in Full.

/s/ Robert A. Pitcairn, Jr.
Robert A. Pitcairn, Jr. (0010293)
Trial Attorney for Plaintiff
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787
(513) 977-3477 – telephone
(513) 721-7120 – facsimile
rpitcairn@katzteller.com – e-mail

OF COUNSEL:

Wijdan Jreisat
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4787
(513) 721-4532

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2004, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Review/Objections to the Report and Recommendation of the Magistrate Judge using the CM/ECF system which will send notification of such filing to the following: Michael W. Hawkins and Jon B. Allison, Trial Attorneys for Defendant, Dinsmore & Shohl, 255 E. Fifth Street, Suite 1900, Cincinnati, Ohio 45202.

/s/ Robert A. Pitcairn, Jr.\
Robert A. Pitcairn, Jr.